L.B.F. 3015.1-1

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF PENNSYLVANIA

FILED
APR 16 2018
TIMOTHY McGRATH, CLERK
BY _____ DEP. CLERK

In re: David Adenaike          Case No.: 16-13307-amc

Chapter: 13

Debtor(s)

# Chapter 13 Plan

☐ Original

■|_____ Amended

Date: 04/16/18

**THE DEBTOR HAS FILED FOR RELIEF UNDER**

**CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISON OF THIS PLAN MUST FILE A WIRTTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-5. **This plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN,**

**YOU MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE**

**NOTICE OF MEETING OF CREDITORS.**

| |
|---|
| **Part 1: Bankruptcy Rule 3015.1 Disclosures** |
| ■ Plan contains non-standard or additional provisions – see Part 9<br>☐ Plan limits the amount of secured claim(s) based on value of collateral<br>☐ Plan avoids a security interest or lien |
| **Part 2: Payment and Length of Plan** |
| **2(a)(1) Initial Plan:**<br>   Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") $_____<br>   Debtor shall pay the Trustee $_____ per month for _____ months; and<br>   Debtor shall pay the Trustee $_____ per month for _____ months.<br>   ☐ Other changes in the schedules plan payment are set forth in 2(d)<br><br>**2(a)(2) Amended Plan:**<br>   Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") **$171,534**<br>The Plan payments by Debtor shall consists of the total amount previously paid **($57,063)** added to the new monthly Plan payments in the amount of **$3200** beginning **5/15/18** (date) for **37** months.<br><br>   ☐ Other changes in the scheduled plan payments are set forth in 2(d) |
| **2(b)** Debtors shall make plan payments to the Trustee from the following sources in addition to future wages( Describe source, amount and date when funds are available, if known):<br><br>**2(c)** Use of real property to satisfy plan obligations:<br>   ☐ Sale of real property<br>   See 7(c) below for detailed description<br><br>   Loan modification with respect to mortgage encumbering property:<br>   See 7(d) below for detailed description.<br><br>**2(d)** Other information that may be important relating to the payment and length of Plan: |

| Name of Creditor | Description of Secured Property and Address, if real property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount Of present value Interest | Total Amount to be paid |
|---|---|---|---|---|---|

Part 3: Priority Claims (Including Administrative Expenses & Debtor's Counsel Fees)

3(a) Except as provided in 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| IRS | | $130,842 |
| PA | | $3242 |
| PA | | $941 |
| DELAWARE | | $14856 |
| DELAWARE | | $15369 |
| PFCU | | $1337 |
| FRANKLIN MINT | | $101 |
| FRANKLIN MINT | | $440 |
| FRANKLIN MINT | | $446 |
| FRANKLIN MINT | | $354 |
| FRANKLIN MINT | | $606 |
| TR | | $10% |

3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.

☐ **None.** If "None" is checked, the rest of 3(b) need not be completed.
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than full amount of the claim. This plan provision requires that payments in 2(a) be for a term of 60 months; see 11 U.S.C 1322(a)(4).

| Name of Creditor | Amount of claim to be paid |
|---|---|
| | |
| | |

| Part 4: Secured Claims |
|---|

### 4(a) Curing Default and Maintaining Payments
☐ **None.** If "None" is checked, the rest of 4(a) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing.

| Creditor | Description of Secured Property and Address, if real property | Regular Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage, if applicable | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### 4(b) Allowed Secured Claims to be Pain in Full: Based on Proof of Claim or Pre-Confirmation Determination of the Amount Extent or Validity of the Claim

☐ **None.** If "None" is checked, the rest 4(b) need not be completed.

(1) Allowed secured claims listed below shall be paid in full their liens retained until completion of payments under the plan.

(2) If necessary, motion, objection and/or proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Ant amounts determined to be allowed unsecured claims will be treated either (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court .

(4) In addition to payment of the allowed secured claim. "present value" interest pursuant to 11 U.S.C 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

**4(c) Allowed secured claims to be paid in full that are excluded from 11 U.S.C 506**

☐ **None.** If "None" is checked, the rest of 4(c) need to be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money secured interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C 1355(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Collateral | Amount of Claim | Present Value Interest | Estimated total payments |
|---|---|---|---|---|
| _____ | _____ | _____ | _____% | $_____ |
| _____ | _____ | _____ | _____% | $_____ |

**4(d) Surrender**
☒ **None.** If "None" is checked, the rest of 4(d) need not be completed.
   (1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.
   (2) The automatic stay under 11 U.S.C. 362(a) with respect to the secured property terminates upon confirmation of the plan.
   (3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Secured Property |
|---|---|
| TOYOTA CREDIT CORPORATION | PROPERTY ALREADY SURRENDERED |

| Part 5: Unsecured Claims |
|---|

### 5(a) Specifically Classified Allowed Unsecured Non-Priority Claims
☒ **None.** If "None" is checked, the rest of 5(a) need not be completed.

| Creditor | Basis for Separate Classification | Treatment | Amount of Claim | Amount to be paid |
|---|---|---|---|---|
| Student Loan | | | $33977 | $33977 |
| Student Loan | | | $39253 | $39253 |

5(b) All Other Timely Filled, Allowed General Unsecured Claims

(1) Liquidation Test **(check one box)**

☐ All Debtor(s) properly is claimed as exempt

Debtor(s) has non-exempt property valued at $_____ for purposes of 1325(a)(4)

**(2) Funding: 5(b) claims to be paid as follows (check one box):**

☒ Pro rata
☐ 100%
☐ Other (Describe)

### Part 6: Executory Contracts & Unexpired Leases

☐ **None.** If "None" is checked, the rest of 6 not be completed.

| Creditor | Nature of Contract or Lease | Treatment by Debtor Pursuant to 365(b) |
|---|---|---|
|  |  |  |

### Part 7: Other Provisions

**7(a) General Principles Applicable to The Plan**

(1) Vesting of Property of the Estate **(check one box)**

☒ Upon confirmation
☐ Upon discharge

(2) Unless otherwise ordered by the court, the amount of a creditor's claim listed in its proof of claim controls over any contract amounts listed in Parts 3,4, and 5 of the Plan.

(3) Post-petition contractual payments under 1322(b)(5) and adequate payments under 1326(a)(1)(B)(C) shall be disbursed to the creditors by the Debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

**7(b) Affirmative Duties on Holders of Claims secured by a Security interest in Debtor's Principal Residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filling of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filled.

(6) **Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

**Part 8: Order of Distribution**

**The order of distribution of Plan payments will be as follows:**

    **Level 1:** Trustee Commissions*
    **Level 2:** Domestic Support Obligations
    **Level 3:** Adequate Protection Payments
    **Level 4:** Debtor's attorney's fees
    **Level 5:** Priority claims, pro rata
    **Level 6:** Secured claims, pro rata
    **Level 7:** Specially classified unsecured claims
    **Level 8:** General unsecured claims
    **Level 9:** Untimely filed, allowed general unsecured claims

***Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.**

| Part 9: Non Standard or Additional Plan Provisions |
|---|
| ☐ **None.** If "None" is checked, the rest of 9 need not be completed.<br><br>NO DISTRIBUTION TO BE MADE BY THE TRUSTEE ON THESE TWO CLAIMS POCs 7 and 19. IT SHALL BE PAID DIRECTLY BY THE DEBTOR. |

| **Part 10: Signatures** |
|---|

Under Bankruptcy Rule 3015(c), nonstandard or additional plan provisions are required to be set forth in Part 9 of the Plan. Such Plan provisions will be effective only if the applicable box in Part 1 of this Plan is checked. Any nonstandard or additional provisions set out other than in Part 9 of the Plan are VOID. By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the plan.

Date: _____                              _____
                                                    Attorney for Debtor(s)

If Debtor(s) are unrepresented, they must sign below.

Date: __04/16/2018_____                         David Adenaike_____
                                                    Debtor

Date:_____                                _____
                                                    Joint Debtor