# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| DAVID ADENAIKE, | : | Case No. 16-13307 (AMC) |
| Debtor | : | |

**OBJECTION OF FRANKLIN MINT FEDERAL CREDIT UNION
TO DEBTOR'S MOTION FOR APPROVAL TO SELL PROPERTIES**

TO:   THE HONORABLE ASHELY M. CHAN,
      UNITED STATES BANKRUPTCY JUDGE

Franklin Mint Federal Credit Union ("FMFCU"), by and through its undersigned attorneys, hereby files this objection (the "Objection") to the Motion for Approval to Sell Properties (the "Motion") filed by debtor David Adenaike (the "Debtor"). In support of this Objection, FMFCU respectfully represents as follows:

## BACKGROUND

### A.   The First Loan

1.   On August 23, 2011, FMFCU made certain loans, advances, and extensions of credit to the Debtor in the amount of $40,226.00 (the "First Loan") pursuant to the terms of that certain Note for Loans Secured by Real Estate dated August 23, 2011 (the "First Note").

2.   In consideration for the First Loan, the Debtor executed and delivered to FMFCU a Mortgage also dated August 23, 2011 (the "First Mortgage"), encumbering the real property and improvements thereon known as 2523 S. 69th Street, Philadelphia, Pennsylvania 19143 (the "First Mortgaged Property").

3.   The First Mortgage was recorded in the Office of the Recorder of Deeds for Philadelphia County on September 13, 2011 at Instrument No. 52389786.

4. Proof of FMFCU's security interest in the First Mortgaged Property was filed at Claim No. 24 (the "First Claim"). The First Claim is incorporated herein by reference as if attached hereto and set forth fully herein.

**B.     The Second Loan**

5. On October 20, 2011, FMFCU made certain loans, advances, and extensions of credit to the Debtor in the amount of $40,331.00 (the "Second Loan") pursuant to the terms of that certain Note for Loans Secured by Real Estate dated October 20, 2011 (the "Second Note").

6. In consideration for the Second Loan, the Debtor executed and delivered to FMFCU a Mortgage also dated October 20, 2011 (the "Second Mortgage"), encumbering the real property and improvements thereon known as 7431 Elmwood Avenue, Philadelphia, Pennsylvania 19153 (the "Second Mortgaged Property").

7. The Second Mortgage was recorded in the Office of the Recorder of Deeds for Philadelphia County on November 4, 2011 at Instrument No. 52409225.

8. Proof of FMFCU's security interest in the Second Mortgaged Property was filed at Claim No. 26 (the "Second Claim"). The Second Claim is incorporated herein by reference as if attached hereto and set forth fully herein.

**C.     The Third Loan**

9. On February 27, 2012, FMFCU made certain loans, advances, and extensions of credit to the Debtor in the amount of $50,000.00 (the "Third Loan") pursuant to the terms of that certain Note for Loans Secured by Real Estate dated February 27, 2012 (the "Third Note").

10. In consideration for the Third Loan, the Debtor executed and delivered to FMFCU a Mortgage also dated February 27, 2012 (the "Third Mortgage"), encumbering the real

PHIL1 8151862v.1

property and improvements thereon known as 6129 Harley Street, Philadelphia, Pennsylvania 19142 (the "Third Mortgaged Property").

11. The Third Mortgage was recorded in the Office of the Recorder of Deeds for Philadelphia County on March 6, 2012 at Instrument No. 52455540.

12. Proof of FMFCU's security interest in the Third Mortgaged Property was filed at Claim No. 25 (the "Third Claim"). The Third Claim is incorporated herein by reference as if attached hereto and set forth fully herein.

### D. The Fourth Loan

13. On March 7, 2012, FMFCU made certain loans, advances, and extensions of credit to the Debtor in the amount of $40,331.00 (the "Fourth Loan" and, together with the First Loan, the Second Loan, and the Third Loan, the "Loans") pursuant to the terms of that certain Note for Loans Secured by Real Estate dated March 7, 2012 (the "Fourth Note" and, together with the First Note, the Second Note, and the Third Note, the "Notes").

14. In consideration for the Fourth Loan, the Debtor executed and delivered to FMFCU a Mortgage also dated March 7, 2012 (the "Fourth Mortgage" and, together with the First Mortgage, the Second Mortgage, and the Third Mortgage, the "Mortgages"), encumbering the real property and improvements thereon known as 6140 Vine Street, Philadelphia, Pennsylvania 19139 (the "Fourth Mortgaged Property" and, together with the First Mortgaged Property, the Second Mortgaged Property, and the Third Mortgaged Property, the "Properties").

15. The Fourth Mortgage was recorded in the Office of the Recorder of Deeds for Philadelphia County on March 13, 2012 at Instrument No. 52458321.

PHIL1 8151862v.1

16. Proof of FMFCU's security interest in the Fourth Mortgaged Property was filed at Claim No. 27 (the "Fourth Claim"). The Fourth Claim is incorporated herein by reference as if attached hereto and set forth fully herein.

**E.  The Bankruptcy Case**

17. On May 9, 2016 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

18. On September 14, 2016, FMFCU filed a Motion for an Order Vacating the Automatic Stay Under 11 U.S.C. § 362(d) and a Waiver of the Fourteen Day Stay of Such Order (the "Motion for Relief"). See Doc. No. 57.

19. On October 4, 2016, the Debtor filed a Response to the Motion for Relief. See Doc. No. 68.

20. On December 19, 2016, this Court entered an Order approving a Stipulation Resolving the Motion for Relief (the "Stipulation"). See Doc. No. 92.

21. After the Debtor defaulted on his obligations under the Stipulation, this Court entered a Consent Order granting FMFCU relief from the automatic stay to commence or continue judicial proceedings against the Properties in state court. See Doc. No. 234.

22. The Debtor filed an objection to the entry of the Consent Order. See Doc. No. 236.

23. By Order dated June 11, 2019, this Court denied the Debtor's objection to the entry of the Consent Order. See Doc. No. 240.

24. Now, on July 30, 2019, the Debtor filed the instant Motion, pursuant to which he seeks authority from this Court to sell two parcels of unidentified property.

25. In the Motion, the Debtor states that "[t]he title company wants a letter from the court before the settlement. It is very important to sell these properties so that I will be able to pay my bankruptcy payment agreements." Motion, p. 1.

26. The Debtor does not identify what "properties" he wishes to sell, to whom he wishes to sell them, or for what consideration he proposes to sell them for. All of this information is critically necessary for FMFCU to fully examine the merits of the Motion.

27. Nevertheless, and to the extent the Debtor seeks to sell any of the Properties subject to the Mortgages, FMFCU objects to the sale of these Properties for any amount less than would be sufficient to repay the subject Mortgage in favor of FMFCU in its entirety, including all attorneys' fees and costs, which continue to accrue. Furthermore, and to the extent the Debtor seeks to utilize the proceeds from the sale of any of the Properties for any purpose other than first repaying the Mortgages, FMFCU objects.

28. For these reasons, and the reasons set forth in greater detail below, FMFCU objects to the relief sought by the Debtor in the Motion.

## **THE RELIEF REQUESTED AND THE REASONS THEREFOR**

29. The Bankruptcy Code provides that "after notice and a hearing [a chapter 13 debtor] may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

30. Such property may only be sold free and clear of any interests in the property "if (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide

5

dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." Id. at (f).

31. If the Debtor is seeking to sell any Properties subject to the liens of any of the Mortgages, the Debtor must meet the requirements of Section 363(f) of the Bankruptcy Code. Respectfully, and without further information critically necessary to evaluate the proposed sales, the Debtor cannot do so.

32. Applicable nonbankruptcy law does not permit the sale of the Properties free and clear of the Mortgages. See 11 U.S.C. § 363(f)(1).

33. FMFCU does not consent to the sale of the Properties free and clear of the Mortgages. See id. at (f)(2).

34. Without further information, FMFCU is not able to determine whether the price at which the Properties will be sold is greater than the aggregate value of all liens on the Properties. See id. at (f)(3).

35. The Mortgages are not in bona fide dispute. See id. at (f)(4).

36. FMFCU could not be compelled to accept a money satisfaction of its interest less than the full balance owed on the Mortgages. See id. at (f)(5).

37. FMFCU further objects to the use of the proceeds from any sale for any reason other than first paying off the full balance owed on the Mortgages including, but not limited to, all principal, interest, late fees, costs, attorneys' fees, and other charges that have continued to accrue.

38. It is furthermore worth nothing that FMFCU recently conducted title searches for each of the Properties subject to its duly perfected Mortgages. Those searches revealed that, in addition to the Mortgages, each of the Properties is subject to the following:

      a.      Multiple municipal judgments on account of unpaid water bills totaling thousands of dollars;

      b.      Multiple municipal judgments on account of unpaid gas bills totaling thousands of dollars;

      c.      Real estate tax liens totaling thousands of dollars.

      d.      Judgment in favor of Felicia Bolton in the amount of $4,134.75; and

      e.      Federal tax lien in favor of the Internal Revenue Service in the amount of $108,958.79.

39.    FMFCU does not purport to speak for, or advance any position on behalf of, any lien or judgment holder other than itself, but in light of the existence of these substantial liens, FMFCU does question the efficacy of a sale of any of the Properties, particularly when the Debtor's sole stated intention is "to sell these properties…to pay my bankruptcy payment agreements." Motion, p. 1.

40.    FMFCU expressly reserves the right at any hearing(s) to present evidence and/or rely on evidence presented by others and/or issue discovery. FMFCU also expressly reserves the right to supplement, amend, augment, or modify this Objection at any time prior to the hearing(s), to join in the arguments raised by others, and to raise additional or further objections to the sale of the Properties.

## **CONCLUSION**

WHEREFORE, FMFCU (a) objects to the Motion for the reasons set forth herein; (b) reserves the right to raise other and further objections to the Motion at or any time prior to any hearing on the Motion, as described in greater detail herein; (c) reserves its right to join in the

objections raised by other interested parties in this proceeding; and (d) respectfully requests that this Court grant such other and further relief to FMFCU as the Court deems just and proper.

        Respectfully submitted:

        KLEHR | HARRISON | HARVEY| BRANZBURG LLP

By:   */s/Corinne Samler Brennan*
      Corinne Samler Brennan, Esquire
      1835 Market Street, Suite 1400
      Philadelphia, PA 19103
      Telephone: (215) 569-3393

      *Counsel to Franklin Mint Federal Credit Union*

Dated: August 14, 2019