**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:

| | | |
|---|---|---|
| **DAVID A DENAIKE,** | : | **CHAPTER 13** |
| | : | |
| Debtor. | : | **BANKRUPTCY NO.  16-13307-amc** |

## ORDER

AND NOW, upon consideration of the Debtor's Amended Motion to Sell Properties Free and Clear of Liens Pursuant to 11 U.S.C. §363(f), and any responses thereto, and after notice and hearing, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. Pursuant to 11 U.S.C. §363(f)(3), the Debtor is authorized to sell the real properties located at 6140 Vine Street, Philadelphia, PA  19139, and 7431 Elmwood Avenue, Philadelphia, PA  19153 (collectively "the Properties"), free and clear of liens pursuant to 11 U.S.C. §363(f), with all liens to be paid at closing, for the sale prices of $85,000.00 and $80,000.00, respectively, to the Buyer, Jacqueline Cooper.

3. At the closing, the closing agent/title clerk shall pay ordinary and usual settlement costs including those related to transfer taxes, notary services, deed preparation, express shipping, surveys, municipal certifications and any other routine costs.

4. At the closing, the closing agent/title clerk shall pay in full all undisputed secured claims to all such creditors.  Such payments shall be based upon the remaining balance of the claims filed in the Debtor's case, less the disbursements made by the Trustee to date, to the extent claims were filed in the Debtor's case with respect to such liens.  The closing agent/title clerk shall pay all liens necessary to give clear title

the Buyer, as the amounts of such liens are ultimately determined by the Court.

5.      At the closing, the closing agent/title clerk shall also pay the undisputed portion of

any disputed claims to the Department of Treasury – Internal Revenue Service, State

Financial Network, LLC, the City of Philadelphia, and to any other creditors for

which claims are disputed.

6.      All liens not paid in full, or the unpaid portions thereof, shall attach to the remaining

proceeds of the sale.

7.      The closing agent/title clerk shall retain all of the remaining proceeds and hold such

proceeds in escrow, or if the closing agent/title clerk prefers not to act as escrow

agent, shall tender the funds to counsel for the Debtor to be held in counsel's client

trust account, pending further Order of Court.

8.      Prior to closing, the parties shall submit a subsequent order listing all amounts to be

paid at closing to lienholders, and the exact amount to be escrowed for any creditors

with respect to which the Debtor disputes any portion of the amount claimed by the

creditor to be necessary to satisfy all outstanding liens on the Properties.  Absent

agreement with all lienholders on the subsequent order referenced herein, the closing

may not take place, pending further Order of Court.

9.      If the amounts of any liens remain disputed as of the closing date on the sales, the

Debtor shall file and serve any claim objections or amended claim objections within

two weeks of the closing date.

                              BY THE COURT:


Date: _____        _____

                              HONORABLE ASHELY M. CHAN
                              UNITED STATES BANKRUPTCY JUDGE