IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------x
In re:                                          :
                                                :    Chapter 13
    DAVID ADENAIKE,                       :
                                                :    Bankruptcy No. 16-13307 (AMC)
                     Debtor.        :
---------------------------------------------------------x

**THE CITY OF PHILADELPHIA'S OBJECTION TO PROPOSED FORM OF ORDER
ON MOTION FOR APPROVAL TO SELL PROPERTIES**

AND NOW, comes the City of Philadelphia and the Water Revenue Bureau (collectively, the "City"), by and through its Counsel, Megan N. Harper, Deputy City Solicitor, and submits the following objection to the Proposed Form of Order on Amended Motion to Sell Properties Free and Clear of Liens Pursuant to 11 U.S.C. §363(f). The City avers the following in support thereof:

1. On May 9, 2016, the Debtor filed a voluntary petition for Chapter 13 bankruptcy with this Court.

2. On July 31, 2018, the Debtor filed an Amended Chapter 13 Plan (the "Plan") [Docket No. 217] which provided for payment in full of the City's claims.

3. The Plan also provided that the property of the estate vested in the Debtor upon confirmation.

4. The Plan was confirmed on August 7, 2018.

5. Nearly a year later, on July 18 and 20, the Debtor, acting *pro se*, filed Motions for Approval to Sell Properties [Docket Nos. 256 and 257].

6. The City objected to the Motions for lack of detail and specifically objected to the sale of any property unless all liens and encumbrances necessary to give good title to the

purchaser, including those of the City of Philadelphia/School District of Philadelphia and Water Revenue Bureau, were paid at closing [Docket No. 258].

7. Further, to the extent the proposed sale of any property was pursuant to Section 363 of the Bankruptcy Code, the City suggested that the requirements for a free and clear sale had not been met. *See* 11 U.S.C. § 363(f). *Id*.

8. A hearing on the Motions for Approval to Sell Properties was held on August 20, 2019. At that time, it became evident the properties to be sold were 6140 Vine Street, Philadelphia, PA 19139, and 7431 Elmwood Avenue, Philadelphia, PA 19153 (collectively "the Properties").

9. A second hearing on the Motions for Approval to Sell Properties was held on September 3, 2019 at which the Debtor, now represented by counsel, raised an issue regarding a disputed lien against the Properties held by the IRS.

10. A further telephonic hearing was scheduled for September 12, 2019.

11. On September 11, 2019, the day before the continued hearing, the Debtor filed an Amended Motion to Sell Properties Free and Clear of Liens Pursuant to 11 U.S.C. §363(f) (the "Amended Motion") [Docket No. 270].

12. The Amended Motion provides as follows:

> Satisfaction of all liens and encumbrances necessary to give good title to the Buyer, including those of the City of Philadelphia, School District of Philadelphia and Water Revenue Bureau, shall occur at closing. If any of the foregoing creditors believes there are any postpetition obligations of the Debtor secured by the Properties, such creditor(s) should be required to file an additional proof of claim for any such amount within one week. Unless the Debtor objects to any such additional claims, they shall also be paid in full at closing. If the Debtor objects to any such claims, either the Court may hear and decide the objections prior to closing, or such secured claims shall attach to the proceeds of the sales, and sufficient funds shall be escrowed at closing to fully pay such claims, pending a determination by the Court of the Debtor's claim objection(s).

*See* Amended Motion at ¶ 15.

13. No such relief was sought in the initial Motions for Approval to Sell Properties and the City did not have an opportunity to object to the Amended Motion in writing before the September 12, 2019 hearing.

14. On September 11, 2019, the Debtor also filed an Objection to Amended Proof of Claim No. 2 filed by the Department of the Treasury – Internal Revenue Service [Docket No. 272].

15. During the September 12, 2019 hearing, the City objected to the proposed form of order submitted with the Amended Motion including, but not limited to, the requirement that before any post-petition liens and encumbrances necessary to give good title to the purchaser were paid, an additional proof of claim for such amount must be filed.

16. In addition, with respect to pre-petition amounts the proposed form of order seemed to imply, in its complicated calculation of what was owed pre-petition, that only those secured claims for which claims were filed in these bankruptcy proceedings would be paid, which is contrary to law. *See In re Woodard*, 532 B.R. 241, 246 (Bankr. E.D. Pa. 2015), *citing*, *In re Mansaray–Ruffin,* 530 F.3d 230, 235 n. 4 (3d Cir.2008). If a lien is not addressed and treated during the course of a bankruptcy case, it passes through the bankruptcy unaffected. *Id*. at 246-47.

17. The parties did agree that there will likely be sufficient funds from the sale of the Properties to satisfy all liens.

18. Accordingly, the Court instructed the Debtor to submit a "bare bones" order that provided for the sale of the Properties and included a provision to escrow funds necessary to cover any disputed liens, which, at that point, seemed to be relegated to a $12,000 dispute with the IRS.

19. On Friday, September 13, 2019, after an attempt to reach agreement among the objecting parties, and after the close of business, the Debtor unilaterally submitted a revised proposed form of order (the "Order") [Docket No. 278] that is anything but bare bones.

20. The Order seems to instruct the title agent to pay all undisputed secured claims, whether attached to the Properties or not, at closing, rather than provide for such claims pursuant to an amended plan/amended claims process. *See* the Order at ¶ 4.

21. The Order also suggests that to the extent the Debtor disputes a lien or encumbrance (whether pre or post-petition) the Debtor will escrow sufficient funds and file and serve claim objections within two weeks of the closing date. *Id*.at ¶ 9.

22. The Order essentially grants this Court post-confirmation jurisdiction over disputes with respect to 1) post-petition encumbrances and liens against the Properties; 2) pre-petition encumbrances and liens against the Properties that were not provided for in the confirmed Plan; and 3) allowed pre-petition secured claims that were provided for in the confirmed Plan.

23. The City submits that this attempt to confer such broad jurisdiction is inappropriate.

24. Section 363(f) is generally used during the pendency of a bankruptcy case and before confirmation. *In re Golf, L.L.C.*, 322 B.R. 874, 877 (Bankr. D. Neb. 2004); *In re Altmeyer*, No. 10-60275, 2014 WL 4959146, at *2 (Bankr. S.D. Ill. Oct. 2, 2014).

25. Post-confirmation sale of assets where, as here, the confirmed Plan does not contemplate a sale, are generally accomplished pursuant to non-bankruptcy law. *Id*., *see also*, *In re Nagy*, No. 10-10404-TPA, 2013 WL 364649, at *7 (Bankr. W.D. Pa. Jan. 29, 2013).

26. This case has been pending for more than three years and the Plan, which provided for the City's allowed, secured claims, was confirmed over a year ago.

27. The Order opens a Pandora's box to re-litigate previously allowed claims which the Debtor is bound to pay pursuant to the confirmed Plan and post-petition liens and encumbrances that are not subject to this Court's jurisdiction.

WHEREFORE, the City respectfully requests that this Court refrain from executing the Order on the Amended Motion and grant such other and relief as is deemed appropriate.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: September 16, 2019        By:    */s/ Megan N. Harper*
MEGAN N. HARPER
Deputy City Solicitor
PA Attorney I.D. 81669
Attorney for the Water Revenue Bureau
City of Philadelphia Law Department
Municipal Services Building
1401 JFK Boulevard, 5th Floor
Philadelphia, PA  19102-1595
215-686-0503 (phone)
Email: Megan.Harper@phila.gov