IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 13 |
| DAVID ADENAIKE, | Case No. 16-13307 (AMC) |
| Debtor | |

**OBJECTION OF FRANKLIN MINT FEDERAL CREDIT UNION
TO DEBTOR'S PROPOSED FORM OF ORDER ON AMENDED MOTION TO SELL
PROPERTIES FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363(f)**

TO:  THE HONORABLE ASHELY M. CHAN,
     UNITED STATES BANKRUPTCY JUDGE

Franklin Mint Federal Credit Union ("FMFCU"), by and through its undersigned attorneys, hereby objects (the "Objection") to Debtor's Proposed Form of Order on Amended Motion to Sell Properties Free and Clear of Liens Pursuant to 11 U.S.C. § 363(f) (the "Proposed Form of Order") filed by debtor David Adenaike (the "Debtor"). In support of this Objection, FMFCU respectfully represents as follows:

## BACKGROUND

**A.    The First Loan**

1.    On August 23, 2011, FMFCU made certain loans, advances, and extensions of credit to the Debtor in the amount of $40,226.00 (the "First Loan") pursuant to the terms of that certain Note for Loans Secured by Real Estate dated August 23, 2011 (the "First Note").

2.    In consideration for the First Loan, the Debtor executed and delivered to FMFCU a Mortgage also dated August 23, 2011 (the "First Mortgage"), encumbering the real property and improvements thereon known as 2523 S. 69th Street, Philadelphia, Pennsylvania 19143 (the "First Mortgaged Property").

3. The First Mortgage was recorded in the Office of the Recorder of Deeds for Philadelphia County on September 13, 2011 at Instrument No. 52389786.

4. Proof of FMFCU's security interest in the First Mortgaged Property was filed at Claim No. 24 (the "First Claim"). The First Claim is incorporated herein by reference as if attached hereto and set forth fully herein. No objections have been filed to the allowance of the First Claim.

**B.     The Second Loan**

5. On October 20, 2011, FMFCU made certain loans, advances, and extensions of credit to the Debtor in the amount of $40,331.00 (the "Second Loan") pursuant to the terms of that certain Note for Loans Secured by Real Estate dated October 20, 2011 (the "Second Note").

6. In consideration for the Second Loan, the Debtor executed and delivered to FMFCU a Mortgage also dated October 20, 2011 (the "Second Mortgage"), encumbering the real property and improvements thereon known as 7431 Elmwood Avenue, Philadelphia, Pennsylvania 19153 (the "Second Mortgaged Property").

7. The Second Mortgage was recorded in the Office of the Recorder of Deeds for Philadelphia County on November 4, 2011 at Instrument No. 52409225.

8. Proof of FMFCU's security interest in the Second Mortgaged Property was filed at Claim No. 26 (the "Second Claim"). The Second Claim is incorporated herein by reference as if attached hereto and set forth fully herein. No objections have been filed to the allowance of the Second Claim.

    **C.**    **The Third Loan**

9. On February 27, 2012, FMFCU made certain loans, advances, and extensions of credit to the Debtor in the amount of $50,000.00 (the "Third Loan") pursuant to the terms of that certain Note for Loans Secured by Real Estate dated February 27, 2012 (the "Third Note").

10. In consideration for the Third Loan, the Debtor executed and delivered to FMFCU a Mortgage also dated February 27, 2012 (the "Third Mortgage"), encumbering the real property and improvements thereon known as 6129 Harley Street, Philadelphia, Pennsylvania 19142 (the "Third Mortgaged Property").

11. The Third Mortgage was recorded in the Office of the Recorder of Deeds for Philadelphia County on March 6, 2012 at Instrument No. 52455540.

12. Proof of FMFCU's security interest in the Third Mortgaged Property was filed at Claim No. 25 (the "Third Claim"). The Third Claim is incorporated herein by reference as if attached hereto and set forth fully herein. No objections have been filed to the allowance of the Third Claim.

    **D.**    **The Fourth Loan**

13. On March 7, 2012, FMFCU made certain loans, advances, and extensions of credit to the Debtor in the amount of $40,331.00 (the "Fourth Loan" and, together with the First Loan, the Second Loan, and the Third Loan, the "Loans") pursuant to the terms of that certain Note for Loans Secured by Real Estate dated March 7, 2012 (the "Fourth Note" and, together with the First Note, the Second Note, and the Third Note, the "Notes").

14. In consideration for the Fourth Loan, the Debtor executed and delivered to FMFCU a Mortgage also dated March 7, 2012 (the "Fourth Mortgage" and, together with the First Mortgage, the Second Mortgage, and the Third Mortgage, the "Mortgages"), encumbering

the real property and improvements thereon known as 6140 Vine Street, Philadelphia, Pennsylvania 19139 (the "Fourth Mortgaged Property" and, together with the First Mortgaged Property, the Second Mortgaged Property, and the Third Mortgaged Property, the "Properties").

15. The Fourth Mortgage was recorded in the Office of the Recorder of Deeds for Philadelphia County on March 13, 2012 at Instrument No. 52458321.

16. Proof of FMFCU's security interest in the Fourth Mortgaged Property was filed at Claim No. 27 (the "Fourth Claim" and, together with the First Claim, the Second Claim, and the Third Claim, the "Claims"). The Fourth Claim is incorporated herein by reference as if attached hereto and set forth fully herein. No objections have been filed to the allowance of the Fourth Claim.

17. As confirmed by records and statements filed by the Debtor with this Court, the Properties are investment properties, and the Debtor does not claim to have previously resided or currently reside in any of the Properties.

18. Each of the Mortgages evidenced by the Claims provides that: (a) if the Debtor fails to perform the covenants and agreements contained therein including, but not limited to, filing a proceeding in bankruptcy, FMFCU may "do and pay for whatever is reasonable or appropriate to protect [its] interest" in the respective Property, with all such amounts disbursed by FMFCU becoming additional debt of the Debtor secured by the Mortgage; (b) FMFCU may charge the Debtor "fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under the [Mortgage] including, but not limited to, attorneys' fees"; and (c) FMFCU shall be entitled to "collect all expenses incurred in pursing the remedies provided [following the breach of any covenant or

agreement provided for by the Mortgage] including, but not limited to, attorneys' fees and costs." Mortgages, ¶¶ 9, 14, 22.

### E. The Bankruptcy Case

19. On May 9, 2016 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

20. Throughout the pendency of the bankruptcy case, the Debtor filed no less than eight (8) proposed Chapter 13 plans. See Doc. Nos. 16, 109, 117, 145, 153, 166, 184, 217. FMFCU filed objections to confirmation of no less than four (4) versions of the plans due to their failure to provide for proper treatment of the Claims.

21. On September 14, 2016, shortly after the bankruptcy case was filed, FMFCU also filed a Motion for an Order Vacating the Automatic Stay Under 11 U.S.C. § 362(d) and a Waiver of the Fourteen Day Stay of Such Order (the "Motion for Relief") with respect to the Mortgages and the Properties. See Doc. No. 57.

22. On October 4, 2016, after the deadline for filing responses had passed, the Debtor filed a Response in opposition to the Motion for Relief. See Doc. No. 68.

23. On December 19, 2016, this Court entered an Order approving a Stipulation Resolving the Motion for Relief (the "Stipulation"). See Doc. No. 92.

24. Following the entry of the Stipulation, the Debtor defaulted on his obligations under the Stipulation no less than five (5) times, resulting in the issuance by FMFCU of no less than five (5) ten day notices of default.

25. After the Debtor defaulted on his obligations under the Stipulation for the fifth and final time, this Court entered a Consent Order granting FMFCU relief from the automatic

stay to commence or continue judicial proceedings against the Properties in state court. See Doc. No. 234.

26. The Debtor filed an objection to the entry of the Consent Order. See Doc. No. 236. On June 11, 2019, this Court held a hearing to consider the Debtor's objection, at which time a representative of FMFCU appeared and met with the Debtor to discuss the application of his payments, and lack of payments, to each of the loans evidenced by the Claims filed in this proceeding.

27. By Order dated June 11, 2019, this Court denied the Debtor's objection to the entry of the Consent Order. See Doc. No. 240.

28. On July 30, 2019, the Debtor filed a Motion to Sell Properties (the "Motion"), pursuant to which he sought authority from this Court to sell two parcels of unidentified property. See Doc. No. 251.

29. The Motion provided very little detail regarding the proposed sales. To that end, the Debtor failed to identify what "properties" he wished to sell, to whom he wished to sell them, and for what consideration he proposed to sell them for. Accordingly, FMFCU filed an objection to the relief sought by the Debtor in the Motion. See Doc. No. 256. The objection filed by FMFCU is incorporated herein by reference as if fully set forth herein.

30. Following a preliminary hearing on the Motion, the Debtor engaged the services of counsel, who appeared at a second hearing on the Motion scheduled for September 3, 2019. A further telephonic hearing to consider the merits of the Motion was scheduled for September 12, 2019.

PHIL1 8151862v.1

31. On the evening of September 11, 2019, the Debtor filed an Amended Motion to Sell Properties Free and Clear of Liens Pursuant to 11 U.S.C. § 363(f) (the "Amended Motion"). See Doc. No. 270.

32. The Amended Motion provides, *inter alia*, that "[a]ll encumbrances on the Properties will either be paid in full, or the liens will be released or modified by agreement with the creditors holding such liens upon closing of the prospective sales." Amended Motion, ¶ 8. The Amended Motion furthermore suggests that the Second Claim would have a balance totaling no more than $15,451.66 that would be paid at closing, and that the Fourth Claim would have a balance totaling no more than $25,005.71 that would be paid at closing. See id. at ¶¶ 9-10. In calculating such figures, the Debtor incorrectly "assum[ed] the Debtor has maintained post-petition payments," and furthermore failed to account for the post-petition accrual of late fees, interest, attorneys' fees, and other charges. Id. at ¶ 10. The proposed order submitted with the Amended Motion incorrectly identifies those amounts due and owing to FMFCU on account of the Claims. Nevertheless, the Debtor simultaneously advises that "[s]atisfaction of all liens and encumbrances necessary to give good title to the Buyer…shall occur at closing." Id. at ¶ 15.

33. The figures utilized and referenced by the Debtor in the Amended Motion with respect to the Claims are inaccurate and fail to account for the significant post-petition late fees, attorneys' fees, and costs that FMFCU has been required to incur over the course of the last three (3) years related to this case. Through the anticipated closing date of September 27, 2019, the balance on the Second Claim is no less than $21,504.00, and the balance on the Fourth Claim is no less than $36,723.54.[1]

---

[1] These figures include post-petition attorneys' fees and costs that have accrued through July 31, 2019. Additional attorneys' fees and costs have accrued since that time. FMFCU expressly reserves the right to include these fees and costs in any payoff figures related to the Claims.

34. At the hearing held on September 12, 2019, the parties agreed that, based on the numbers then available, the sale of the Properties would produce sufficient funds to satisfy all then known liens and claims secured by the Properties, regardless of any known disputes regarding payoffs for those liens and claims. The Court thereafter instructed the Debtor to submit a "bare bones" form of proposed order that provided for (a) the payment of all undisputed portions of all claims at closing on the sale of the Properties; and (b) the establishment of an escrow for all remaining funds, pending resolution of any remaining disputes including, but not limited to, resolution of any discrepancies with respect to the payoff of FMFCU's Claims.

## **OBJECTION**

35. The Proposed Form of Order is inconsistent with this Court's directive. Specifically, and as it relates to the Claims of FMFCU, the Proposed Form of Order provides that:

   a. "At the closing, the closing agent/title clerk shall pay in full all undisputed secured claims to all such creditors. Such payments shall be based upon the remaining balance of the claims filed in the Debtor's case, less the disbursements made by the Trustee to date, to the extent claims were filed in the Debtor's case with respect to such liens. The closing agent/title clerk shall pay all liens necessary to give clear title [to] the Buyer, as the amounts of such liens are ultimately determined by the Court." Proposed Form of Order, ¶ 4.

   b. "At the closing, the closing agent/title clerk shall also pay the undisputed portion of any disputed claims to the Department of Treasury—Internal Revenue Service, State Financial Network, LLC, the City of Philadelphia, and to any other creditors for which claims are disputed." Id. at ¶ 5.

Document    Page 9 of 11

  c. "All liens not paid in full, or the unpaid portions thereof, shall attach to the remaining proceeds of the sale." Id. at ¶ 6.

  d. "Prior to closing, the parties shall submit a subsequent order listing all amounts to be paid at closing to lienholders, and the exact amount to be escrowed for any creditors with respect to which the Debtor disputes any portion of the amount claimed by the creditor to be necessary to satisfy all outstanding liens on the Properties. Absent agreement with all lienholders on the subsequent order referenced herein, the closing may not take place, pending further Order of the Court." Id. at ¶ 8.

36. The Proposed Form of Order (a) does not include any proposed immediate payment to FMFCU at the closing on account of the "undisputed amount" of FMFCU's Claims; (b) appears to unnecessarily require further proceedings prior to distribution at the closing; and (c) does not specifically provide that all remaining liens, claims, encumbrances, or interests in and against the Properties shall attach to the proceeds of the sale to the same extent and with the same priority that existed immediately prior to the sale.

37. FMFCU expressly reserves all rights to oppose any objection, formal or informal, the Debtor may advance to the full payoff of its Claims in the amounts set forth herein, subject to increase for the additional attorneys' fees, costs, and interest that continue to accrue on the Loans. Nevertheless, and for the sole purpose of allowing the closing of the sale on the Properties to go forward without further delay, FMFCU agreed during the telephonic hearing to accept immediate payment at closing of the "undisputed amount" of its Claims, with all remaining funds to be deposited into an escrow account while the remaining balance on the Claims awaited final reconciliation and distribution pursuant to further order of this Court.

PHIL1 8151862v.1

38. The "undisputed amount" of the Second Claim, as noted by the Debtor in the Amended Motion, is $15,451.66. The "undisputed amount" of the Fourth Claim, as noted by the Debtor in the Amended Motion, is $25,005.71. The remaining difference between the Debtor's payoff calculations and FMFCU's payoff calculations totaled $17,770.17 as of the date of the telephonic hearing, which difference will continue to increase with the accrual of additional interest, attorneys' fees, costs, and other charges.

39. The Proposed Form of Order should expressly direct and authorize the payment of these "undisputed amounts" at the time of closing. The Proposed Form of Order should furthermore expressly require that the remaining proceeds from the sale of the Properties be deposited into an escrow account, to be held pending further order of this Court, with all remaining liens, claims, encumbrances, or interests in and against the Properties attached to the escrowed proceeds to same extent and with the same priority that existed immediately prior to the sale. To the extent the Court is inclined to direct a specific amount to be deposited into escrow on account of the "disputed amount" of FMFCU's Claims, that amount should total no less than $22,500 to account for FMFCU's continuing costs.

40. For these reasons, FMFCU objects to entry of the Proposed Form of Order submitted by the Debtor.

PHIL1 8151862v.1

## CONCLUSION

WHEREFORE, FMFCU respectfully requests that this Court (i) refrain from entering the Proposed Form of Order; and (ii) grant to FMFCU such other and further relief as the Court may deem just and proper.

                                                  Respectfully submitted:

                                                  KLEHR | HARRISON | HARVEY|
                                                  BRANZBURG LLP

By:    */s/Corinne Samler Brennan*
        Corinne Samler Brennan, Esquire
        1835 Market Street, Suite 1400
        Philadelphia, PA 19103
        Telephone: (215) 569-3393

        *Counsel to Franklin Mint Federal Credit Union*

Dated: September 17, 2019