# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

| | |
|---|---|
| **DAVID ADENAIKE,** | : **CHAPTER 13** |
| | : |
| **Debtor.** | : **BANKRUPTCY NO. 16-13307-amc** |

### DEBTOR'S AMENDED MOTION TO SELL ADDITIONAL PROPERTIES FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. §363(f) AND TO ENFORCE AND SEEK MODIFICATION OF OCTOBER 16, 2019 ORDER AND REQUEST FOR EXPEDITED CONSIDERATION OF THE MOTION

The Debtor, David Adenaike, by and through his counsel, Regional Bankruptcy Center of Southeastern PA, P.C., hereby moves this Honorable Court to approve the sale of the properties he owns at 6543 Reedland Street, Philadelphia, PA 19142, and 2523 South 69th Street, Philadelphia, PA 19142 (hereinafter collectively referred to as the "Properties"), pursuant to 11 U.S.C. §363(f), and in support thereof respectfully represents as follows:

1. The Debtor filed this case on May 9, 2016.

2. This Court has jurisdiction over the Debtor's real estate at 6543 Reedland Street, Philadelphia, PA 19142 ("Reedland"), and 2523 South 69th Street, Philadelphia, PA 19142 ("South 69th"), under 28 U.S.C. §1334. This is a core matter.

3. The Debtor's Amended Chapter 13 Plan filed on July 18, 2018, was confirmed by the Court on August 7, 2018.

4. The Debtor sought Court approval and the Court previously approved the sale of two of the Debtor's properties at 6140 Vine Street, Philadelphia, PA 19139 ("Vine"), and 7431 Elmwood Avenue, Philadelphia, PA 19153 ("Elmwood"), by Order entered on October 16, 2019.

5. Funds in the amount of $14,543.92 were disbursed to the City of Philadelphia for the amount claimed to be due Post-Petition in accordance with the October 16, 2019 Order, but

the City of Philadelphia now seeks a somewhat higher amount to satisfy the Post-Petition liens on the two properties sold, $14,771.83. Some portion of that increased amount may be justified pursuant to footnote 2 in the October 16, 2019 Order, but other portions are not justified in that the City changed the amounts from those previously quoted on October 1, 2019.

6.    Although HUD-1 forms were sent to the City and other interested parties prior to October 16, 2019, that excluded disbursement of $9,262.21 to the City of Philadelphia to satisfy the remaining portion of the City's pre-petition Claims Nos. 29 and 30, the Debtor inadvertently left that line item in the final, compromise form of order submitted to the Court for entry. The Court entered the Order providing for an additional $9,262.21 to the City of Philadelphia. As a result, the City of Philadelphia had the expectation of being paid not only the Post-Petition amounts due on Vine and Elmwood, but the remaining amounts due on its pre-petition claims as well (Claims Nos. 29 and 30). Anticipating full payment of its pre-petition claims, the City did not separately notify the Debtor of the pre-petition secured balance due on Elmwood, which the City quantified as $1,450.93 shortly after the closing on the October, 2019 sales.

7.    At the present time, although the City received a $14,543.92 disbursement from Interstate Abstract, the title company that handled the closings on the sales of Vine and Elmwood, the City has not reduced the real estate tax balances on Elmwood and is still carrying a small balance on Vine (see Tax Balance printouts for Elmwood and Vine attached hereto and incorporated herein, marked as Exhibits "A" and "B", respectively). At most, the tax balance on Elmwood should be listed as no more than the $1,450.93 the City claims is still owed, plus any tax still owed for 2020, and the tax balance on Vine should be listed as no more than any tax still owed for 2020.

8.    Also, in connection with the October 16, 2019 Order approving the sales of Vine and Elmwood, $12,894.85 was escrowed to cover the disputed amount owed to the mortgage servicer for Vine and Elmwood, State Financial Network, LLC. Although the parties attempted to settle the payoff amount, the dispute remains unresolved. State Financial Network, LLC expressed concern about real estate taxes owed to the City of Philadelphia on South 69th and

another of Debtor's properties upon which State Financial Network, LLC services the loan. The Debtor seeks to have the Court decide on the division of the escrowed funds from the Vine and Elmwood sales, as between himself and State Financial Network, LLC, in the event that the additional sales contemplated in this Motion do not lead to a settlement of the matter.

9.      The Debtor wishes to sell Reedland and South 69th to make a significant Plan payment to the Trustee, thereby reducing the monthly Plan payments for the duration of the Debtor's Chapter 13 Plan, to pay off the mortgage on South 69th (there is no mortgage on Reedland), to make repairs to other properties in order to increase the Debtor's monthly rental income, to address another governmental obligation that is not dischargeable, and to pay the following real estate taxes to the City of Philadelphia (as may be adjusted as appropriate prior to the hearing on this Motion, and after applying any credits to which the Debtor is entitled):

| | | |
|---|---|---|
| 7431 Elmwood Avenue | $ | 1,450.93 |
| 6543 Reedland Street | $ | 6,524.28 |
| 2523 South 69th Street | $ | 4,114.76 |
| 6129 Harley Avenue | $ | 7,625.77 |
| TOTAL | $ | 19,715.74 |

10.      The Debtor also will pay off the balance due on the first mortgage on South 69th serviced by State Financial Network, LLC, estimated to be $7,554.88, any liens to the City of Philadelphia Water Revenue Bureau, and Philadelphia Gas Works, as well as any other encumbrances and liens on both of the Properties.

11.      On or about December 9, 2019, the Debtor entered into an Agreement of Sale with the buyer thereunder, Blackstone Home Buyers, LLC ("Buyer"), under which the Buyer has agreed to pay $50,000.00 for purchase of South 69th free and clear of all liens, with permission of the Court. A copy of the Agreement of Sale with addendum is attached to this Motion and incorporated herein, marked as Exhibit "C".

12.      On or about December 13, 2019, the Debtor entered into an Agreement of Sale with the buyer thereunder, Blackstone Home Buyers, LLC ("Buyer"), under which the Buyer has

agreed to pay $50,000.00 for purchase of Reedland free and clear of all liens, with permission of the Court.  A copy of the Agreement of Sale with addendum is attached to this Motion and incorporated herein, marked as Exhibit "D".

13.    The Debtor and the Buyer have agreed to extend the closing dates as set forth in the Agreements of Sale (Exhibits "C" and "D"), originally scheduled on January 28, 2020, for a limited time, and will execute an addendum extending the closing dates as soon as the Court makes a decision with respect the Debtor's request for an expedited hearing.

14.    All encumbrances on the Properties will either be paid in full, or the liens will be released or modified by agreement with the creditors holding such liens upon closing of the prospective sales.

15.    The Debtor satisfied all priority and secured obligations to the Pennsylvania Department of Revenue (hereinafter "PADOR"), and the Department of Treasury – Internal Revenue Service (hereinafter "IRS"), either through disbursements from the Trustee or disbursements by the title clerk at or following the closing on the sales of Vine and Elmwood.

16.    As indicated above, satisfaction of all liens and encumbrances necessary to give good title to the Buyer, including those of the City of Philadelphia, School District of Philadelphia, Water Revenue Bureau, Philadelphia Gas Works, and State Financial Network, LLC, shall occur at closing.  If any of the foregoing creditors believes there are any post-petition obligations of the Debtor secured by the Properties that are not identified above, such creditor(s) should file (an) additional proof(s) of claim for any such amount(s) prior to the hearing on this Motion.  Unless the Debtor objects to any such additional claim(s), it/they shall also be paid in full at closing.  If the Debtor objects to any such claim(s), either the Court may hear and decide the objection(s) prior to closing, or such secured claim(s) should attach to the proceeds of the sales, and sufficient funds should be escrowed at closing to fully pay such claim(s), pending a determination by the Court of the Debtor's claim objection(s).

17.    Other than as set forth above, the Debtor does not propose that funds will be disbursed at closing on the sales of Reedland and South 69th for any other pre-petition claim

amounts.  Instead, any remaining amounts due pursuant to the timely claims filed in the Debtor's

case will be paid through the Trustee under an amended Plan for which the Debtor will seek

Court approval soon after the closing on the sale of the Properties.  In particular, the Debtor

seeks an amendment to the October 16, 2019 Order approving the sales of Vine and Elmwood

that makes clear that, except for Vine, Elmwood, Reedland and South 69th, the remaining pre-

petition claim amounts of the City of Philadelphia on the other properties owned by the Debtor in

the City of Philadelphia will be paid over the remaining term of the Debtor's anticipated

amended Chapter 13 Plan through payments to and disbursements by the Trustee.

18.    The proposed sales would not prejudice the rights of any creditors in that all

allowed claims secured by the Properties, and any other closing costs (such as transfer taxes,

prorated items, etc.), will be paid in the amounts actually due, from the proceeds of the sale, and

any remaining pre-petition claims will continue to be paid as provided in the Debtor's Chapter

13 Plan, as amended.

19.    Because the Buyer is anxious to close and expected to close more than a month ago,

the Court tentatively set a date for the hearing on this Motion on February 18, 2020, but the

Debtor was still trying to work out conditions related to the sales with interested parties and was

unable to file the Motion before that tentative hearing date (and counsel for one interested party

was away that week), because there is still a real estate tax lien on Elmwood that was sold on

October 31, 2019, and because the Debtor needs to complete his Chapter 13 Plan in a little over a

year, Debtor requested that the Court grant expedited consideration of this Motion.  The Debtor

contacted interest parties, through their counsel, to determine:  (a) if they would consent to an

expedited hearing (which is not required under Local Rule 5070-1); and (b) any dates on which

counsel for interested parties would have a conflict.  Two parties, the City of Philadelphia and

State Financial Network, LLC, objected to an expedited hearing.  Megan Harper, for the City of

Philadelphia, also indicated that she has a conflict on March 11, 2020.  Corinne Brennan, for

State Financial Network, LLC, indicated that she is not available to participate either this week

or next week, but that she asked her colleague, Chris Leavell, to step in.  She indicated that Chris

Leavell would provide Debtor's counsel his availability, but he has not done so in the period since March 3, 2020, when Ms. Brennan communicated with Debtor's counsel. Two other parties responded. Jack Miller, Staff Attorney for the Chapter 13 Standing Trustee indicated no objection as long as the hearing was scheduled on a Tuesday, and Pearl Pham, counsel for Philadelphia Gas Works, neither consented nor opposed an expedited hearing, but indicated only that she has a conflict on March 12, 2020. Although Debtor is filing a Notice of Hearing with the regular hearing date on the Court's judicial calendar with this amended version of the Motion, the Debtor is still seeking the scheduling of an expedited hearing on the next Tuesday that the Court has time available.

WHEREFORE, the Debtor prays this Honorable Court to grant his Motion to sell his Properties located at 6543 Reedland Street, Philadelphia, PA 19142, and 2523 South 69th Street, Philadelphia, PA 19142, to the Buyer, Blackstone Home Buyers, LLC, or its assignee, free and clear of liens, subject to the terms and conditions set forth in the attached proposed order, and requests that the Court schedule an expedited hearing on the Motion in the next week if possible.

Respectfully submitted,
REGIONAL BANKRUPTCY CENTER OF
SOUTHEASTERN PA, P.C., by:


Roger V. Ashodian
Attorney ID #42586
101 West Chester Pike, Suite 1A
Havertown, PA 19083
(610) 446-6800

Attorney for Debtor