IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|   |   |
|---|---|
| In re: | : Chapter 13 |
| DAVID ADENAIKE, | : Case No. 16-13307 (AMC) |
| Debtor | : |

**LIMITED OBJECTION OF FRANKLIN MINT FEDERAL CREDIT UNION
TO DEBTOR'S AMENDED MOTION TO SELL ADDITIONAL PROPERTIES FREE
AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. §363(f) AND TO ENFORCE AND
SEEK MODIFICATION OF OCTOBER 16, 2019 ORDER AND REQUEST FOR
EXPEDITED CONSIDERATION OF THE MOTION**

TO:   THE HONORABLE ASHELY M. CHAN,
      UNITED STATES BANKRUPTCY JUDGE

Franklin Mint Federal Credit Union ("FMFCU"), by and through its undersigned attorneys, hereby files this limited objection (the "Objection") to the Amended Motion to Sell Additional Properties Free and Clear of Liens Pursuant to 11 U.S.C. §363(f) and to Enforce and Seek Modification of October 16, 2019 Order and Request for Expedited Consideration of the Motion (the "Motion") filed by debtor David Adenaike (the "Debtor"). In support of this Objection, FMFCU respectfully represents as follows:

**BACKGROUND**

1.   Debtor, by his Motion, seeks approval by this Court to sell two real properties, located at 6543 Reedland Street, Philadelphia, PA 19142 (the "Reedland Street Property") and 2523 South 69th Street, Philadelphia, PA 19142 (the "69th Street Property").

2.   FMFCU holds a first-position mortgage on the 69th Street Property.

1

3. Proof of FMFCU's security interest in the 69th Street Property was filed at Claim No. 24. Claim No. 24 is incorporated by reference as if attached hereto and set forth fully herein.[1]

4. The Debtor previously sold two properties in which FMFCU holds security interests, located at 6140 Vine Street, Philadelphia, PA 19139 (the "Vine Street Property") and 7431 Elmwood Avenue, Philadelphia, PA 19153 (the "Elmwood Avenue Property") pursuant to an order entered by the Court on October 16, 2019 (the "October 16, 2019 Order").

5. Under the October 16, 2019 Order, FMFCU was to be paid all principal and interest owed by the Debtor on the loans secured by the Vine Street Property and the Elmwood Avenue Property, and these amounts were in fact paid to FMFCU at closing, except for a small remaining balance that was inadvertently omitted from the payoff statement. FMFCU's entitlement to the remaining funds from the sale was disputed by the Debtor, and therefore $12,894.85 was escrowed (the "Disputed Funds").

6. The Disputed Funds remain in escrow. By the Motion, the Debtor seeks this Court's intervention to resolve the distribution of the Disputed Funds.

7. Despite multiple attempts by FMFCU to resolve these issues raised by the Motion, the parties have been unable to reach agreement.

### THE RELIEF REQUESTED AND THE REASONS THEREFOR

***FMFCU is Entitled to Not Less Than $11,685.22 of the Disputed Funds.***

8. FMFCU requests that the Court approve its distribution of the FMFCU Disputed Funds as follows:

| | |
|---|---|
| Legal Fees: | $ 8,000.00 |
| Unpaid Forced Place Insurance (2018): | $ 648.62 |
| Unpaid Principal & Interest: | $ 3,036.60 |

---

[1] FMFCU additionally incorporates by reference the background set forth in its Objection to Debtor's Motion for Approval to Sell Properties filed on August 14, 2019 at ECF Doc. 256.

**TOTAL:**                                          **$11,685.22**

9. In connection with the sale of the Vine Street Property and Elmwood Property, FMFCU is still owed principal and interest in the amount of $3,036.60.

10. This amount was inadvertently omitted from FMFCU's payoff statements for the loans secured by the Vine Street Property and Elmwood Property.

11. Additionally, FMFCU has incurred substantial legal fees in the context of Debtor's bankruptcy case, which was filed on May 9, 2016.

12. FMFCU has been forced to participate in Debtor's case from its inception by: filing objections to Debtor's proposed chapter 13 plans; seeking relief from the automatic stay; negotiating a stipulation with the Debtor to resolve FMFCU's motion for relief from the automatic stay; enforcing the stipulation following Debtor's repeated defaults, which required FMFCU to send at least six ten-day default notices; responding to Debtor's numerous motions and amended motions; and litigating the Debtor's motion for permission to sell real property that resulted in the October 16, 2019 Order, among other actions, including preparing proofs of claim for its four secured loans with the Debtor.

13. The Debtor filed seven proposed chapter 13 plans before his eighth proposed plan was confirmed on August 7, 2018.

14. While FMFCU has incurred almost $20,000.00 in legal fees in connection with Debtor's chapter 13 case, all of which are chargeable to the Debtor under the pertinent loan documents, FMFCU has offered to accept only $8,000.00 in attorneys' fees from the Disputed Funds, representing $2,000.00 in fees for each of FMFCU's four loans with the Debtor.

15. The Debtor, however, is unwilling to accept this substantial compromise of FMFCU's legal fees. Therefore, FMFCU believes that an evidentiary hearing is necessary to

demonstrate to the Court FMFCU's clear right to recover its legal fees in the requested amount. FMFCU expressly reserves its right, however, to seek additional legal fees incurred in connection with the enforcement of its rights under the loan documents going forward.

16. FMFCU is prepared to introduce copies of its counsel's redacted billing records reflecting fees incurred during the last four years of Debtor's chapter 13 case so that the Court can adjudicate this issue.

17. In light of the fact that the hearing on this Motion was scheduled on an expedited basis and will occur by telephone in view of the current pandemic, however, FMFCU requests that the determination of this issue be postponed until an in-person evidentiary hearing can be held. In the alternative, FMFCU is willing to transmit the redacted billing records to the Court and Debtor's counsel, along with any other documents the Court may request, so that allocation of the Disputed Funds can be decided on the papers.

**While FMFCU Does Not Object to the Proposed Sale of the 69th Street Property Going Forward, FMFCU Should Receive $8,980.64 and Applicable Interest at Closing.**

18. As of the date of this Objection's filing, FMFCU is owed $8,980.64 in principal on its loan secured by the 69th Street Property. This balance accounts for the most recent payment made by Debtor to FMFCU on March 12, 2020.

19. Interest continues to accrue from March 12, 2020 at the daily rate of $1.35.

20. The Debtor, however, provided FMFCU's counsel with a preliminary HUD-1 concerning the sale of the 69th Street Property on March 23, 2020 that lists the payoff on this loan to FMFCU's loan servicer in the amount of only $7,650.00.

21. Therefore, FMFCU objects to the sale to the extent that it does not contemplate FMFCU receiving the full measure of its payoff for the loan secured by the 69th Street Property.

22. FMFCU expressly reserves the right at any hearing(s) to present evidence and/or rely on evidence presented by others and/or issue discovery. FMFCU also expressly reserves the right to supplement, amend, augment, or modify this limited Objection at any time prior to the hearing(s), to join in the arguments raised by others, and to raise additional or further objections to the sale of the Properties.

23. Additionally, FMFCU expressly reserves its right to seek the recovery of additional attorneys' fees and costs going forward in connection with enforcing its rights and remedies set forth in its loan documents with the Debtor.

## **CONCLUSION**

WHEREFORE, FMFCU (a) objects on a limited basis to the Motion for the reasons set forth herein; (b) reserves the right to raise other and further objections to the Motion at or any time prior to any hearing on the Motion, as described in greater detail herein; (c) reserves its right to join in the objections raised by other interested parties in this proceeding; and (d) respectfully requests that this Court grant such other and further relief to FMFCU as the Court deems just and proper.

Respectfully submitted:

KLEHR | HARRISON | HARVEY| BRANZBURG LLP

By: */s/ Christopher J. Leavell*
Corinne Samler Brennan, Esquire
Christopher J. Leavell, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-4892

*Counsel to Franklin Mint Federal Credit Union*

Dated: March 23, 2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|   |   |   |
|---|---|---|
| In re: | : | Chapter 13 |
|  | : |  |
| DAVID ADENAIKE, | : | Case No. 16-13307 (AMC) |
|  | : |  |
| Debtor | : |  |

**CERTIFICATE OF SERVICE FOR THE
LIMITED OBJECTION OF FRANKLIN MINT FEDERAL CREDIT UNION
TO DEBTOR'S MOTION FOR APPROVAL TO SELL PROPERTIES**

I, Christopher J. Leavell, Esquire, hereby certify that I did cause a true and correct copy of the foregoing Limited Objection of Franklin Mint Federal Credit Union to Debtor's Amended Motion to Sell Additional Properties Free and Clear of Liens Pursuant to 11 U.S.C. §363(f) and to Enforce and Seek Modification of October 16, 2019 Order and Request for Expedited Consideration of the Motion to be served on the 23rd day of March, 2020 upon the following parties in interest by the CM/ECF System of the Bankruptcy Court:

<u>By CM/ECF</u>
Roger Ashodian, Esquire
rashodian@schollashodian.com

Stephen Vincent Bottiglieri, Esquire
sbottiglieri@gillinlawoffice.com
ecfnotice@comcast.net

Joseph Patrick Schalk, Esquire
paeb@fedphe.com

Jason Brett Schwartz, Esquire
jschwartz@mesterschwartz.com
jottinger@mesterschwartz.com

Brett Alan Solomon, Esquire
bsolomon@tuckerlaw.com
agilbert@tuckerlaw.com

1

William C. Miller
ecfemails@ph13trustee.com
philaecf@gmail.com

Office of the United States Trustee
USTPRegion03.PH.ECF@usdoj.gov

                    KLEHR | HARRISON | HARVEY|
                    BRANZBURG LLP

By:    */s/ Christopher J. Leavell*
        Corinne Samler Brennan, Esquire
        Christopher J. Leavell, Esquire
        1835 Market Street, Suite 1400
        Philadelphia, PA 19103
        Telephone: (215) 569-4892