United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
David Adenaike  
      Debtor

Case No. 16-13307-amc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: Keith     Page 1 of 1     Date Rcvd: May 05, 2020  
                        Form ID: pdf900     Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 07, 2020.
```
cr             +WELLS FARGO BANK, N.A.,    P.O. Box 29482,    Phoenix, AZ 85038-9482
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
db              +E-mail/Text: adekmoss@gmail.com May 06 2020 03:01:08      David Adenaike,   1036 Pine Street,
                 Darby, PA 19023-2000
cr               E-mail/Text: megan.harper@phila.gov May 06 2020 03:00:58      City of Philadelphia,
                 Law Department,    c/o Megan N. Harper,   1401 JFK Blvd. Room 580,    Philadelphia, PA  19102
cr              +E-mail/Text: duffyk@co.delaware.pa.us May 06 2020 03:01:03      Delaware County Tax Claim Bureau,
                 Government Center,    201 W. Front Street,   Media, PA 19063-2708
cr               E-mail/Text: erinm@fmfcu.org May 06 2020 03:00:03      Franklin Mint Federal Credit Union,
                 5 Hillman Drive, Suite 100,   Chadds Ford, PA  19317
                                                                                              TOTAL: 4
```

               ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 07, 2020                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 5, 2020 at the address(es) listed below:
```
              ANDREW   SPIVACK    on behalf of Creditor    Toyota Motor Credit Corporation paeb@fedphe.com
              ANTHONY   ST. JOSEPH    on behalf of Creditor    United States of America on Behalf of IRS
               anthony.stjoseph@usdoj.gov,    mardella.suarez@usdoj.gov,CaseView.ECF@usdoj.gov
              BRETT ALAN SOLOMON    on behalf of Creditor    PNC Bank, National Association
               bsolomon@tuckerlaw.com,    agilbert@tuckerlaw.com
              CHRISTOPHER JOHN LEAVELL    on behalf of Creditor    Franklin Mint Federal Credit Union
               cleavell@klehr.com,    lclark@klehr.com
              CORINNE SAMLER BRENNAN    on behalf of Creditor    Franklin Mint Federal Credit Union
               cbrennan@klehr.com,    swenitsky@klehr.com
              JACK K. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. philaecf@gmail.com,
               ecfemails@ph13trustee.com
              JASON BRETT SCHWARTZ    on behalf of Creditor    Philadelphia Federal Credit Union
               jschwartz@mesterschwartz.com
              JILLIAN NOLAN SNIDER    on behalf of Creditor    PNC Bank, National Association
               jsnider@tuckerlaw.com,    agilbert@tuckerlaw.com
              KEVIN G. MCDONALD    on behalf of Creditor    Toyota Motor Credit Corporation
               bkgroup@kmllawgroup.com
              LEONARD B. ALTIERI, III    on behalf of Creditor    Delaware County Tax Claim Bureau
               laltieri@toscanigillin.com
              MEGAN N. HARPER    on behalf of Creditor    City of Philadelphia megan.harper@phila.gov,
               karena.blaylock@phila.gov
              ROGER V. ASHODIAN    on behalf of Debtor David  Adenaike ecf@schollashodian.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
              WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
                                                                                              TOTAL: 15
```

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| In re: | : Chapter 13 |
| DAVID ADENAIKE, | : Case No. 16-13307 (AMC) |
| Debtor | : |

**STIPULATION AND ORDER RESOLVING**
**DEBTOR'S MOTIONS TO SELL REAL PROPERTY**

It is hereby stipulated by and between Franklin Mint Federal Credit Union ("FMFCU") and its loan servicer, State Financial Network LLC (together with FMFCU, the "Lender") on the one hand and David Adenaike (the "Debtor") on the other, by and through their undersigned attorneys, as follows:

**BACKGROUND**

1. The Debtor filed a voluntary petition under chapter 13 of title 11 of the United States Code on May 9, 2016.

2. FMFCU is the holder of a mortgage on real property owned by the Debtor and located at 6129 Harley Street, Philadelphia, Pennsylvania 19142 (the "Harley Street Property").

3. FMFCU previously held a mortgage on real property owned by the Debtor and located at 2523 S. 69th Street, Philadelphia, Pennsylvania 19143 (the "69th Street Property").

4. FMFCU previously held a mortgage on real property owned by the Debtor and located at 7431 Elmwood Avenue, Philadelphia, Pennsylvania 19153 (the "Elmwood Avenue Property").

5. FMFCU previously held a mortgage on real property owned by the Debtor and located at 6140 Vine Street, Philadelphia, Pennsylvania 19139 (the "Vine Street Property").

6. On September 11, 2019, the Debtor filed a motion seeking permission to sell the Elmwood Avenue Property and the Vine Street Property, ECF No. 270 (the "First Sale Motion").

7. The Lender filed an objection to the First Sale Motion (the "Objection to First Sale"), ECF No. 256, which was resolved in part by entry of the Order dated October 16, 2019 granting the Debtor permission to sell the Elmwood Avenue Property and Vine Street Property, ECF No. 294 (the "October 16 Order").

8. Under the October 16 Order, the Lender received $40,457.37 in partial satisfaction of the mortgages on the Elmwood Avenue Property and the Vine Street Property. The Court addressed the Lender's objection to the First Sale Motion, with the parties' consent, by requiring the Debtor to place $12,894.85 in escrow to cover the disputed amount the Lender alleges is due and owing under these mortgages (the "First Sale Disputed Proceeds").

9. The First Sale Disputed Proceeds remain in escrow.

10. On March 5, 2020, the Debtor filed an amended motion to sell the 69th Street Property, as well as another real property in which the Lender does not have an interest, ECF No. 305 (the "Second Sale Motion").

11. The Lender filed a limited objection to the Second Sale Motion (the "Limited Objection"), ECF No. 314.

12. On March 30, 2020, the Court entered an Order permitting the Debtor to sell the 69th Street Property, ECF No. 318 (the "March 30 Order").

13. Under the March 30 Order, the Lender received $7,650.00 in partial satisfaction of its mortgage on the 69th Street Property.

14. The Court addressed the Lender's limited objection to the Second Sale Motion, with the parties' consent, by requiring the Debtor to place $1,357.64 in escrow to cover the

disputed amount that the Lender alleges is due and owing under the 69th Street Property mortgage (the "Second Sale Disputed Proceeds").

15. The Second Sale Disputed Proceeds remain in escrow.

16. The parties wish to settle this matter in the form of this stipulated agreement to be entered as an order of the Court (the "Stipulation and Order").

**THE RELIEF REQUESTED AND THE REASONS THEREFOR**

17. The background set forth above is incorporated herein by reference.

18. As set forth below, the Lender and the Debtor have agreed that a portion of the Debtor's settlement proceeds shall be distributed directly to the City of Philadelphia on Debtor's behalf on account of all unpaid, post-petition taxes encumbering and/or due and owing the Harley Street Property, in the amount of $4,091.19 (as that figure may be adjusted due to any reduction in penalties and/or increase due to additional accrued interest).

19. <u>Distribution of First Sale Disputed Proceeds</u>.  The Debtor and the Lender shall each receive 50% of the First Sale Disputed Proceeds in the amount of $12,894.85, subject to the terms and conditions set forth below, upon approval by the Court of this Stipulation and Order. Subject to any adjustment in accordance with paragraph 18 above, the escrow agent shall distribute the First Sale Disputed Proceeds as follows:

> To the Lender: $6,679.99
>
> To the City of Philadelphia: $4,091.19[1]
>
> To the Debtor: $2,123.66[2]

---

[1] If this figure is adjusted in accordance with paragraph 18, the resulting amount to be disbursed to the City of Philadelphia must be acknowledged by the City of Philadelphia as sufficient to pay the outstanding balance of the real estate taxes due for all taxes years from 2017 through 2020 on the Harley Street Property at the time the disbursement is made.

20. <u>Distribution of Second Sale Disputed Proceeds</u>.  The Debtor and the Lender shall each receive 50% of the Second Sale Disputed Proceeds in the amount of $1,369.79, subject to the terms and conditions set forth below, upon approval by the Court of this Stipulation and Order.  The escrow agent shall distribute the Second Sale Disputed Proceeds as follows:

      To the Lender:      $684.89

      To the Debtor:      $684.89

21. Upon receipt by the Lender of the Lender's share of both the First Sale Disputed Proceeds and the Second Sale Disputed Proceeds, and confirmation of receipt of the distribution to the City of Philadelphia set forth in paragraph 19 above, FMFCU/Lender will withdraw Proofs of Claim Nos. 24, 26 and 27, each which shall be deemed paid in full along with the arrears portion of Claim No. 25, and the Lender shall further withdraw the Objection to First Sale and Limited Objection, and agrees not to file any objection to Court approval of the Debtor's Motion to Modify Plan After Confirmation to be filed on or before April 28, 2020.  The Lender expressly preserves its right to object to any proposed subsequent amended plan insofar as the plan relates to the Harley Street Property and related mortgage and changes the treatment of the Lender.

22. Debtor shall continue to pay pre-petition taxes (which include taxes due and owing for all of 2016) on the Harley Street Property under his confirmed chapter 13 plan, or through any future chapter 13 plan that this Court may approve.

23. The Debtor agrees that beginning on May 1, 2020, the Lender shall be entitled to increase Debtor's monthly mortgage payment on the Harley Street Property to escrow an amount sufficient to cover real estate taxes with respect to the Harley Street Property due and owing on

---

[2] Any amount by which the $4,091.19 distribution to the City of Philadelphia is increased or decreased in accordance with footnote 1 above, shall be subtracted from or added to the Debtor's distribution, respectively.

or after May 1, 2020. For the avoidance of doubt, beginning on May 1, 2020, Debtor's monthly mortgage payment on the Harley Street Property shall increase by $101.79, for a new total monthly payment of $541.90. The escrow portion of the payment will fluctuate in accordance with the assessment of real estate taxes on Harley Street Property and in accordance with the terms set forth in the loan documents. As Lender has already received relief from the automatic stay with respect to the Harley Street Property, Lender shall not be required to file any notices of post-petition payment change under Federal Rule of Bankruptcy Procedure 3002.1 with the Court, but remains obligated to comply with any federal requirements with respect to escrow adjustments pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. §2601, *et seq.*, and Regulation X, 12 C.F.R. §1024.17.

24. <u>Release of the Lender by the Debtor</u>. Upon the Bankruptcy Court entering approving and docketing this Stipulation and Order (the "Effective Date"), in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Debtor, on behalf of himself, as well as any of his heirs, representatives, successors, assigns, subrogees, agents, consultants, attorneys, accountants, professionals and other related persons and entities, in any capacity whatsoever (collectively, the "Debtor Releasing Parties") shall release and forever discharge the Lender and, as applicable, any of its present and former predecessors, affiliates, subsidiaries, successors, assigns, trustees, agents, consultants, heirs, directors, officers, employees, shareholders, executives, servants, attorneys, accountants, partners, professionals, representatives, subrogees, and other related persons and entities, in any capacity whatsoever (collectively, the "Lender Released Parties"), from any and all claims, together with all manner of actions, causes of action, suits, debts, actions, liabilities, accounts, bills, interests, costs, losses, liens, dues, sum or sums of money,

covenants, agreements, contracts, expenses, damages, judgments, executions, awards, bonds, specialties, reckonings, and demands of any nature whatsoever in law or in equity, known or unknown, foreseen or unforeseen, suspected or unsuspected, liquidated or contingent, disclosed or undisclosed, matured or unmatured, material or immaterial, whether individual, class, derivative or representative, and whether or not asserted or raised and existing, or alleged to exist or have existed, at any time from the beginning of the world to and including the Effective Date but excluding any claims arising out of, in connection with or resulting from (1) this Stipulation and Order and (2) the Harley Street Property and the underlying mortgage and related loan documents for the Harley Street Property, which any of the Debtor Releasing Parties ever had or may have against any of the Lender Released Parties.

25. <u>Release of Debtor by the Lender</u>. Upon the Effective Date, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Lender, on behalf of itself, as well as any of its present and former predecessors, affiliates, subsidiaries, successors, assigns, trustees, agents, consultants, heirs, directors, officers, employees, shareholders, executives, servants, attorneys, accountants, partners, professionals, representatives, subrogees, and other related persons and entities, in any capacity whatsoever (collectively, the "Lender Releasing Parties"), shall release and forever discharge the Debtor as well as any of his heirs, spouses, representatives, successors, assigns, subrogees, agents, consultants, attorneys, accountants, professionals and other related persons and entities, in any capacity whatsoever (collectively, the "Debtor Released Parties") from any and all claims, together with all manner of actions, causes of action, suits, debts, actions, liabilities, accounts, bills, interests, costs, losses, liens, dues, sum or sums of money, covenants, agreements, contracts, expenses, damages, judgments, executions, awards, bonds, specialties,

reckonings, and demands of any nature whatsoever in law or in equity, known or unknown, foreseen or unforeseen, suspected or unsuspected, liquidated or contingent, disclosed or undisclosed, matured or unmatured, material or immaterial, whether individual, class, derivative or representative, and whether or not asserted or raised and existing, or alleged to exist or have existed, at any time from the beginning of the world to and including the Effective Date but excluding any claims arising out of, in connection with or resulting from (1) this Stipulation and Order and (2) the Harley Street Property and the underlying mortgage and related loan documents for the Harley Street Property, which any of the Lender Releasing Parties ever had or may have against any of the Debtor Released Parties.  Notwithstanding the foregoing, nothing contained in this paragraph shall limit the Lender's ability to foreclose on the Harley Street Property mortgage, or any other collateral; to seek the recovery of future legal fees incurred in connection with the Harley Street Property mortgage; or to name the Debtor in any action to consummate such a foreclosure.

26.    Notwithstanding the foregoing continuing rights of the Lender to enforce the terms of the FMFCU mortgage loan on Harley Street Property, FMFCU/Lender acknowledges that as of the date of this Stipulation, the Debtor is current on his principal and interest payments with respect to the mortgage loan on Harley Street Property, and that as long as the Debtor remains current on the new monthly mortgage payments set forth in paragraph 22 above, FMFCU/Lender will take no action against the Debtor with respect to the mortgage loan on Harley Street Property, despite the entry of a Consent Order on April 25, 2019, ECF No. 234.

27.    <u>Whole Agreement</u>.    This Stipulation and Order shall constitute the entire agreement between the parties hereto with respect to the subject matter hereof and supersedes all

prior agreements and understandings, written and oral, between or among the parties with respect to the subject matter hereof.

28. <u>Stipulation Binding</u>. This Agreement shall be binding upon and inure to the benefit and be enforceable by the Parties, and their respective assigns, representatives, heirs and successors.

29. The parties agree that this Stipulation and Order may be executed in counterparts and desire that the terms set forth herein be approved as an Order of this Court.

REGIONAL BANKRUPTCY CENTER OF SOUTHEASTERN PA, P.C.

By: _____
Roger Ashodian, Esquire
101 West Chester Pike, Suite 1A
Havertown, PA 19083
Telephone: (610) 446-6800

*Counsel to David Adenaike*

Date: **May 5, 2020**

KLEHR HARRISON HARVEY BRANZBURG LLP

By: */s/ Christopher J. Leavell*
Christopher J. Leavell, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-4892

*Counsel to Franklin Mint Federal Credit Union and State Financial Network LLC*

SO ORDERED: _____

HON. ASHELY M. CHAN
United States Bankruptcy Judge