**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISON**

| | | |
|---|---|---|
| **DAVID ADENAIKE,** | : | **CHAPTER 13** |
| | : | |
| Debtor | : | **BANKRUPTCY NO.  16-13307-amc** |

**FIFTH REVISED EIGHTH AMENDED CHAPTER 13 PLAN**

☐ Original
☒ ___Fifth Revised Eighth___ Amended

Date: ___10-28-20___

**THE DEBTOR HAS FILED FOR RELIEF UNDER**
**CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the Court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts.  You should read these papers carefully and discuss them with your attorney.  **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-5.  **This Plan may be confirmed and become binding, unless a written objection is filed**.

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE NOTICE OF MEETING OF CREDITORS.**

## Part 1: Bankruptcy Rule 3015.1 Disclosures

☒ Plan contains non-standard or additional provisions – see Part 9

☐ Plan limits the amount of secured claim(s) based on value of collateral – see Part 4

☐ Plan avoids a security interest or lien – see Part 4 and/or Part 9

**Part 2: Payment, Length and Distribution – PARTS 2(c) & (e) MUST BE COMPLETED IN EVERY CASE**

&sect;2(a)(1) **Initial Plan:**

**Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") $_____**
Debtor shall pay the Trustee $ _____ per month for _____ months; and
Debtor shall pay the Trustee $ _____ per month for \_\_\_\_ months.

☐ Other changes in the scheduled plan payment are set forth in §2(d)

&sect;2(a)(2) **Amended Plan:**

**Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") $ 156,373.68 .**

The Plan payments by Debtor shall consist of the total amount previously paid ($105,763.68), added to the new monthly Plan payments in the amount of $ 1,446.00  beginning  July, 2020, and continuing for  35  remaining months (with a two year extension under the CARES Act).

☐ Other changes in the scheduled plan payments are set forth in §2(d)

**§2(b)  Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):**

**§2(c) Alternative treatment of secured claims:**

☐ **None.** If "None" is checked, the rest of §2(c) need not be completed.

☐ **Sale of real property**
   *See §7(c) below for detailed description*

☐ Loan **modification with respect to mortgage encumbering property:**
   *See §4(f) below for detailed description*

**§2(d)  Other information that may be important relating to the payment and length of Plan:**

**§2(e) Estimated Distribution:**

| | | | |
|---|---|---|---:|
| A. | Total Priority Claims (Part 3) | | |
| | 1. | Unpaid attorney's fees (estimated) | $ 3,000.00 |
| | 2. | Unpaid attorney's costs | $ 0.00 |
| | 3. | Other priority claims (*e.g.*, priority taxes) | $ 941.16 |
| B. | Total distribution to cure defaults (§4(b)) | | $ 5,151.82 |
| C. | Total distribution on secured claims (§§4(c) &(d)) | | $ 132,281.03 |
| D. | Total distribution on unsecured claims (Part 5) | | $ 3,584.40 |
| | | Subtotal | $ 144,958.41 |

| | | |
|---|---|---|
| E. | Estimated Trustee's Commission | $    11,415.27 |
| F. | Base Amount | $   156,373.68 |

## Part 3: Priority Claims (Including Administration Expenses & Debtor's Counsel Fees)

**§3(a) Except as provided in §3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| Trustee Compensation | Administrative | Percentage set by U.S. Trustee |
| Debtor's Former Counsel | Administrative | $0.00 |
| Debtor's Counsel | Administrative | $3,000.00 Supplemental (estimated – not including real estate sales) |
| Pennsylvania Department of Revenue | Tax | $941.16 |

**§3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

☒ **None.** If "None" is checked, the rest of §3(b) need not be completed.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in §2(a) be for a term of 60 months; see 11 U.S.C. §1322(a)(4).

| Name of Creditor | Amount of Claim to be Paid |
|---|---|
| | |

## Part 4: Secured Claims

**§4(a) Secured claims not provided for by the Plan:**

☐ **None.** If "None" is checked, the rest of §4(a) need not be completed.

| **Creditor** | **Secured Property** |
|---|---|
| ☒ If checked, Debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement.<br>New Castle County (Claim No. 31 – Part 9) | 4 North Avon Drive<br>Claymont, DE  19703 |
| ☒ If checked, Debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement.<br>New Castle County (Claim No. 32 – Part 9) | 4 North Avon Drive<br>Claymont, DE  19703 |

### §4(b) Curing Default and Maintaining Payments

☐ **None.** If "None" is checked, the rest of §4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Creditor | Description of Secured Property and Address, if real property | Current Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage, if applicable | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| Philadelphia Federal Credit Union | 1036 Pine Street Darby, PA  19023 | $744.14 | $1,337.50 (Claim No. 6) | n/a | $1,337.50 (arrears) |
| PNC Bank | 6853 Radbourne Road Upper Darby, PA  19082 | $552.99 | $606.78 (Claim No. 17) | n/a | $606.78 (pre-petition arrears) |
| PNC Bank | 6853 Radbourne Road Upper Darby, PA  19082 | | $3,000.00 (Stipulation) | n/a | $3,000.00 (post-petition arrears) |
| Franklin Mint Federal Credit Union (serviced by State Financial Network, LLC) | 6129 Harley Avenue Philadelphia, PA  19142 | $541.90 | $440.11 (Claim No. 25) | n/a | $207.54 (partial arrears; $232.57 balance of arrears Claim to be paid directly from funds escrowed in October 31, 2019 sale of property) |

### §4(c) Allowed Secured Claims to be Paid in Full:  Based on Proof of Claim or Pre-Confirmation Determination of the Amount, Extent or Validity of the Claim

☐ **None.** If "None" is checked, the rest of §4(c) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the Court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the Court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below.  If the claimant

included a different interest rate or amount for "present value" interest in its proof of claim, or otherwise disputes the amount provided for "present value" interest, the claimant must file an objection to confirmation.

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Description of Secured Property and Address, if real property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be paid |
|---|---|---|---|---|---|
| PA Dep't of Revenue | 1036 Pine Street Darby, PA 19023 | $3,007.28 (Claim No. 1) | | $234.72 | $3,242.00 |
| Internal Revenue Service | All real estate and personal property owned by Debtor at the time federal tax liens were filed | $119,332.12 (does not include unsecured portion of Claim No. 2) | n/a | n/a | $62,986.31 (plus $56,345.81 direct disbursement of proceeds from October 31, 2019 sale of properties) |
| Delaware County Tax Claim Bureau | 6853 Radbourne Road Upper Darby, PA 19082 | $11,873.30 (Claim No. 8) | 9% | $2,914.98 | $14,788.28 |
| Delaware County Tax Claim Bureau | 1036 Pine Street Darby, PA 19023 | $12,283.02 (Claim No. 9) | 9% | $3,015.06 | $15,298.08 |
| Delaware County Tax Claim Bureau | 6853 Radbourne Road Upper Darby, PA 19082 | $8,206.38 (Claim No. 33) | 9% | $1,187.92 | $9,394.30 |
| Delaware County Tax Claim Bureau | 1036 Pine Street Darby, PA 19023 | $9,804.18 (Claim No. 34) | 9% | $1,419.56 | $11,223.74 |
| Franklin Mint Federal Credit Union | 2523 South 69th Street Philadelphia, PA 19142 | $25,311.04 (Claim No. 24) | n/a | n/a | $47.89 (partial arrears; balance of Claim paid directly from proceeds of April 3, 2020 sale of property) |
| Franklin Mint Federal Credit Union | 7431 Elmwood Avenue Philadelphia, PA 19142 | $26,638.11 (Claim No. 26) | n/a | n/a | $210.70 (partial arrears; balance of Claim paid directly from proceeds of October 31, 2019 sale of property) |
| Franklin Mint Federal Credit Union | 6140 Vine Street Philadelphia, PA 19139 | $34,845.22 (Claim No. 27) | n/a | n/a | $167.38 (partial arrears; balance of Claim paid directly |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | from proceeds of October 31, 2019 sale of property) |
| City of Philadelphia | 7431 Elmwood Avenue Philadelphia, PA  19153 | $1,556.63 (Claim No. 29 - Water) | n/a | n/a | $1,150.80 (to be disbursed by the Trustee; balance from proceeds of October 31, 2019 sale of property) |
| City of Philadelphia | 2445 Edgewood Street Philadelphia, PA  19142 | $495.45 (Claim No. 29 - Water) | n/a | n/a | $495.45 |
| City of Philadelphia | 6129 Harley Avenue Philadelphia, PA  19142 | $550.69 (Claim No. 29 - Water) | n/a | n/a | $550.69 |
| City of Philadelphia | 107 North 63rd Street Philadelphia, PA  19139 | $1,935.21 (Claim No. 30 – RE tax) | as agreed | $327.49 | $2,262.70 |
| City of Philadelphia | 6140 Vine Street Philadelphia, PA  19139 | $1,451.09 (Claim No. 30 – RE tax) | as agreed | $348.06 | $1,799.15 |
| City of Philadelphia | 2523 South 69th Street Philadelphia, PA  19142 | $1,902.23 (Claim No. 30 – RE tax) | as agreed | $368.27 | $2,270.50 |
| City of Philadelphia | 2445 Edgewood Street Philadelphia, PA  19142 | $1,137.89 (Claim No. 30 – RE tax) | as agreed | $25.06 | $1,162.95 |
| City of Philadelphia | 7431 Elmwood Avenue Philadelphia, PA  19153 | $2,478.13 (Claim No. 30 – RE tax) | as agreed | as charged in October 31, 2019 real estate closing | $2,478.13 plus interest (direct disbursement of proceeds from October 31, 2019 and April 3, 2020 sale of properties) |
| City of Philadelphia | 6129 Harley Avenue Philadelphia, PA  19142 | $2,699.41 (Claim No. 30 – RE tax) | as agreed | $333.19 | $3,032.60 |
| City of Philadelphia | 6543 Reedland Street Philadelphia, PA  19142 | $1,803.24 (Claim No. 30 – RE tax) | as agreed | $244.27 | $2,047.51 |
| City of Philadelphia | 6140 Vine Street Philadelphia, PA  19139 | $150.00 (Claim No. 30 - SCE) | n/a | n/a | $150.00 |

**§4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. §506**

☒**None.** If "None" is checked, the rest of §4(d) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Collateral | Amount of Claim | Present Value Interest | Estimated total payments |
|---|---|---|---|---|
|  |  |  | % | $ |

### §4(e) Surrender

☐ **None.** If "None" is checked, the rest of §4(e) need not be completed.

(1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.

(2) The automatic stay under 11 U.S.C. §362(a) with respect to the secured property remains in effect upon confirmation of the Plan unless terminated by the Court after notice and hearing.

(3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Secured Property |
|---|---|
| Toyota Motor Credit Corporation (Claim No. 5) | 2010 Toyota Tacoma |

### §4(f)  Loan Modification

☒ None.  If "None" is checked, the rest of §4(f) need not be completed.  * (see Part 9)

(1)  Debtor shall pursue a loan modification directly with _____ or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2)  During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of $_____ per month, which represents (***describe basis of adequate protection payment***).  Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3)  If the modification is not approved by _____ (date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

## Part 5: Unsecured Claims

### §5(a) Separately Classified Allowed Unsecured Non-Priority Claims

☐ **None.** If "None" is checked, the rest of §5(a) need not be completed.

| Creditor | Basis for Separate Classification | Treatment | Amount of Claim | Amount to be Paid |
|---|---|---|---|---|
| ECMC<br>PO Box 16408<br>St. Paul, MN  55116-0408 | Non-dischargeable student loan | Defer regular monthly payments | $33,977.37 (Claim No. 7) | Pro-rata portion of funds available for unsecured creditors |
| Philadelphia Parking Authority<br>701 Market St., Suite 5400<br>Philadelphia, PA  19106 | 11 U.S.C. §§362 and 525 | No booting or towing for pre-petition citations | $1,446.00 (Claim No. 16) | Pro-rata portion of funds available for unsecured creditors |
| U.S. Dep't of Education<br>PO Box 16448<br>St. Paul, MN  55116-0448 | Non-dischargeable student loan | Defer regular monthly payments | $39,253.67 (Claim No. 19) | Pro-rata portion of funds available for unsecured creditors |

### §5(b) All Other Timely Filed, Allowed General Unsecured Claims

(1) Liquidation Test (check one box)

☒ All Debtor(s) property is claimed as exempt.

☐ Debtor(s) has non-exempt property valued at $_____ for purposes of §1325(a)(4) and plan provides for distribution of $_____ to allowed priority and unsecured general creditors.

(2) Funding: §5(b) claims to be paid as follows (check one box):

☒ Pro rata

☐ 100%

☐ Other (Describe)

## Part 6: Executory Contracts & Unexpired Leases

☐ **None.** If "None" is checked, the rest of §6 need not be completed.

| Creditor/Tenant | Nature of Contract or Lease | Treatment by Debtor Pursuant to §365(b) |
|---|---|---|
| Idella Williams | Residential Lease – 6543 Reedland St., Phila. PA  19142 | Reject |
| Ellis Jones | Residential Lease – 1036 Pine St., Darby, PA  19023 | Reject |
| Adrien Garrison | Residential Lease – 6129 Harley Ave., Phila., PA  19142 | Assume |
| Rebecca Denis | Residential Lease – 2445 S. Edgewood St., Phila. PA  19142 | Assume |
| Terresa Brooks | Residential Lease – 6853 Radbourne Rd., Upper Darby, PA  19082 | Assume |

## Part 7: Other Provisions

### §7(a) General Principles Applicable to The Plan

(1) Vesting of Property of the Estate (check one box)
☒ Upon confirmation
☐ Upon discharge

(2) Unless otherwise ordered by the court, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under §1322(b)(5) and adequate protection payments under §1326(a)(1)(B),(C) shall be disbursed to the creditors by the Debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

### §7(b) Affirmative Duties on Holders of Claims secured by a Security Interest in Debtor's Principal Residence

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

**(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

**§7(c) Sale of Real Property**

☐ **None.** If "None" is checked, the rest of §7(c) need not be completed.

(1) Closing for the sale of <u>the Debtor's properties at 6140 Vine Street, Philadelphia, PA  19139, and 7431 Elmwood Avenue, Philadelphia, PA  19142, pursuant to an Order entered on October 16, 2019, took place on October 31, 2019, and the sale of the Debtor's property at 2523 South 69th Street, Philadelphia, PA  19142, pursuant to an Order entered on March 30, 2020, took place on April 3, 2020 (the "Real Properties").  There is a pending Motion to Sell Property Free and Clear of Liens with respect to the Debtor's property at 6543 Reedland Street, Philadelphia, PA  19142 (hereinafter "Reedland")</u>.  The sale of <u>Reedland</u> shall be completed within   <u>(n/a – as allowed by the Court)</u>  months of the commencement of this bankruptcy case (the "Sale Deadline").  Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under §4(b)(1) of the Plan at the closing ("Closing Date").

(2) The Real Property will be marketed for sale in the following manner and on the following terms:  n/a

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all §4(b) claims, as may be necessary to convey good and marketable title to the purchaser.  However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S.C. §363(f), either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(5) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline:   <u>n/a</u>  .

# Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

Level 1: Trustee Commissions*
Level 2: Domestic Support Obligations
Level 3: Adequate Protection Payments
Level 4: Debtor's attorney's fees
Level 5: Priority claims, pro rata
Level 6: Secured claims, pro rata
Level 7: Specially classified unsecured claims
Level 8: General unsecured claims
Level 9: Untimely filed, allowed general unsecured claims

*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

## Part 9: Non Standard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked.  Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

☐ **None.** If "None" is checked, the rest of §9 need not be completed.

A)  The automatic stay shall remain in full force and effect after confirmation unless modified by Order of Court after notice and hearing.  The automatic stay is not hereby reimposed with respect to any creditor or property with respect to which the Court has previously granted relief from the automatic stay, but neither is the Debtor barred from seeking reimposition of the stay as to such creditor or property if appropriate grounds exist to file a motion seeking Court approval of such an Order.

B)  Upon completion of this or any other duly confirmed plan, as amended, or such earlier time when full payment under the Plan is received by any of the respective creditors, all tax liens, security interests, or mortgages that are paid in full, as such underlying obligations are finally determined by the Court, shall be satisfied of record without additional cost to the Debtor.

C)  Upon completion of this or any other duly confirmed plan, as amended, all claimed arrears owed to creditors listed in Part 4(b) of this Plan will be cured, and any post-petition fees or costs incurred by such creditors and/or any successor in interest that are noticed in the manner prescribed by Bankruptcy Rule 3002.1 and ultimately allowed by the Court or agreed between the parties will be paid directly by the Debtor to such creditors and/or any successor in interest, thereby constituting a cure/reinstatement of the mortgage pursuant to both 11 U.S.C. §1322(b)(5) and 41 Pa.C.S. §404(c).

D)  The properties owned by the Debtor at 6140 Vine Street, Philadelphia, PA  19139, and 7431 Elmwood Avenue, Philadelphia, PA  19142 were sold on October 31, 2019, pursuant to Court Order entered October 16, 2019.  Any shortfall in payments of liens or disbursements provided for in the October 16, 2019 Order approving the sale were either settled and paid from escrow, are provided for pursuant to Stipulation, or are fully satisfied from the disbursements made by the Trustee to date or to be made by the Trustee pursuant to this Plan.  Therefore, all liens that existed on the date of closing on the sales, October 31, 2019, on 6140 Vine Street, Philadelphia, PA  19139, and 7431 Elmwood Avenue, Philadelphia, PA  19142, have been or shall be satisfied by either the title agency that handled the transaction, SJ Abstract, LLC, d/b/a InterstateAbstract.com, or the respective creditors that received disbursements from the transactions.  The terms of any Stipulation between the Debtor and any creditor with an interest in the proceeds of the sales of either 6140 Vine Street, Philadelphia, PA  19139, and 7431 Elmwood Avenue, Philadelphia, PA  19142, shall supercede any provision of this Plan if there is any inconsistency or ambiguity.

E)  The property owned by the Debtor at 2523 South 69th Street, Philadelphia, PA  19142 was sold on April 3, 2020, pursuant to Court Order entered March 30, 2020.  Any shortfall in payments of liens or disbursements provided for in the March 30, 2020 Order approving the sale were either settled and paid from escrow, are provided for pursuant to Stipulation, are fully satisfied from the disbursements made by the Trustee to date or to be made by the Trustee pursuant to this Plan, or will be decided by the Court in the context of adjudicating the Debtor's Motion to Modify Plan After Confirmation under which the Debtor will be seeking approval of this Plan.  Therefore, all liens that existed on the date of closing on the sale, April 3, 2020, on 2523 South 69th Street, Philadelphia, PA  19142, have been or shall be satisfied by either the title agency that handled the transaction, Greater Philadelphia Abstract Company, or the respective creditors that received disbursements from the transactions.  The terms of any Stipulation between the Debtor and any creditor with an interest in the proceeds of the sale of 2523 South 69th Street, Philadelphia, PA  19142, shall supercede any provision of this Plan if there is any inconsistency or ambiguity.

F)  The Debtor will not treat under this Plan and will defer payment of the allowed amounts Claims Nos. 31 and 32 filed by New Castle County, Delaware, secured by the property at 4 North Avon Drive, Claymont, DE  19703, both of which were filed on June 27, 2019, after the bar date for governmental claims.  Claim No. 31 is allowed as a secured claim in the amount of $4,004.35.  Claim No. 32 is allowed in the amount of $1,117.36.  Both claims are disallowed as priority claims.  Because the claims were not filed timely, the Debtor will not provide for them in this Plan, and will instead enter into a negotiated payment agreement with New Castle County when he has completed payments under this Plan, with payments to New Castle County under the payment agreement to commence upon entry of a discharge order in this case.

G)  With respect to Claim No. 29 filed by the City of Philadelphia, the Debtor has paid part of the claim directly to the City of Philadelphia at closing on the sale of the Debtor's property at 7431 Elmwood Avenue, so the portion of Claim No. 29 to be disbursed by the Trustee has been reduced from $2,602.77 to $2,196.94 (see Part 4(c) above).

H)  Part 7(a)(2) is modified as follows:  Confirmation of the Plan constitutes a finding by the Court that treatment of creditors under the terms of this Plan bars disbursements for any claims filed after confirmation, unless by agreement with the Debtor or ordered by the Court, with the exception of Notices of Post-Petition Mortgage Fees, Charges, and Expenses, which shall be filed and determined in accordance with Bankruptcy Rule 3002.1(c)-(e).

I)  The Debtor reserves the right to submit an application for a loan modification for any of his properties listed on Schedule AB, or any amendment thereof, and to seek Court approval for a further modification of this Plan if any such loan modification is approved and entered into between the Debtor and the applicable mortgage lender.

J)  The Debtor is experiencing a material financial hardship due, directly and/or indirectly, to the coronavirus disease 2019 (COVID-19) pandemic.  As such this Plan will extend the term to seven (7) years pursuant to 11 U.S.C. §1329(d)(1).

## Part 10: Signatures

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

REGIONAL BANKRUPTCY CENTER OF SOUTHEASTERN PA, P.C., by:

Date: October 28, 2020

_____
Roger V. Ashodian
Attorney ID #42586
101 West Chester Pike, Suite 1A
Havertown, PA 19083

**Attorney for Debtor(s)**

Date: October 28, 2020

_____
David Adenaike, Debtor