IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**In re:**

**DAVID ADENAIKE,** : CHAPTER 13
:
**Debtor.** : BANKRUPTCY NO. 16-13307-amc

**AMENDED ORDER**

**AND NOW**, this 20th day of May, 2021, upon consideration of the Debtor's Third Amended Motion to Sell Properties Free and Clear of Liens Pursuant to 11 U.S.C. §363(f) (Doc. No. 414), and any response thereto, and after notice and hearing, it is hereby **ORDERED** that the Motion is **GRANTED** in part and deemed withdrawn in part.  Debtor is authorized to sell his real property located at 2445 South Edgewood Street, Philadelphia, PA  19142 ("Edgewood"), free and clear of liens pursuant to 11 U.S.C. §363(f), with all liens on Edgewood to be paid at closing except as otherwise provided in this Order, for the sale price of $60,000.00, to the Buyer thereunder, Blackstone Home Buyers, LLC, or its assignee, provided that the closing agent, after crediting the payment of $4,091.19 to the City of Philadelphia by Interstate Abstract that had been escrowed in connection with a prior sale of real property by the Debtor on October 31, 2019 pursuant to a prior Order entered on October 16, 2019, shall tender funds directly to the City of Philadelphia sufficient to satisfy any and all outstanding obligations of the Debtor secured by Edgewood other than unknown Water Revenue Bureau charges, as defined below, for which the Buyer and Buyer's assignee will escrow $2,000.00 at closing, and shall tender funds sufficient to satisfy the payoff amount due for obligations to Philadelphia Gas Works on Edgewood.  The stay of 14 days pursuant to Fed. R. Bankr. P. 6004(h) shall not apply to this Order approving the Debtor's sale of Edgewood.

The portion of the Third Amended Motion to Sell Properties Free and Clear of Liens related to the Debtor's property at 1036 Pine Street, Darby, PA 19023 is deemed withdrawn.

Subject to changes between the estimated settlement sheet/closing disclosure and the final settlement sheet/closing disclosure, the proceeds of the sale of Edgewood, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following manner:

|   |   |   |
|---|---|---|
|   | A. SALE PRICE | $ 60,000.00 |
| 1. | Credit to the Debtor for real estate taxes through year end (estimated) | $ 508.41 |
|   | B. SUBTOTAL AFTER PRO-RATED REAL ESTATE TAX CREDIT (Sale Price A+Line 1) | $ 60,508.41 |
| 2. | Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters (to be paid by Buyer) | $ 0.00 |
| 3. | Mortgage liens to be paid directly at closing | $ 0.00 |
| 4. | City of Philadelphia liens to be paid directly at closing:<br>a. City of Philadelphia Real Estate Taxes (as of May 3, 2021; with prorated credit to Debtor for prepaid 2021 Taxes – see Line 1)<br>b. City of Philadelphia Water Revenue Bureau (subject to adjustment) | $ 3,176.87<br><br>2,747.18 |
|   | C. SUBTOTAL OF CITY OF PHILADELPHIA LIENS (Lines 4a+4b) | $ 5,924.05 |
| 5. | Less Credit for Escrow Funds to City of Philadelphia held by Interstate Abstract (funds were previously sent to City of Philadelphia Revenue Department by Interstate Abstract, but were not cashed; the funds have been reissued to City of Philadelphia and paid at closing) | $ 4,091.19 |
|   | D. NET SUBTOTAL TO CITY OF PHILADELPHIA FROM SALE (Subtotal C – Line 5) | $ 1,832.86 |
| 6. | Philadelphia Gas Works liens to be paid directly at closing: | $ 1,750.62 |
| 7. | Property repairs, if any | $ 0.00 |
| 8. | Real estate commission, at no greater than 6% (to be paid by Buyer) | $ 0.00 |

| | | |
|---|---|---|
| 9. | Transfer tax (to be paid by Buyer – Seller's share is $0) | $ 0.00 |
| 10. | Attorneys' fees, if any (other fees may be sought in a fee application) | $ 1,500.00 |
| 11. | Any small (less than $300) allowances agreed to be made to Buyer to settle any unforeseen dispute arising at settlement | $ 0.00 |
| | E. SUBTOTAL TO BE PAID DIRECTLY FROM SALE PROCEEDS (Lines 2+3+Subtotal D+Lines 6+7+8+9+10+11) | $ 5,083.48 |
| | F. NET SUBTOTAL BEFORE DISTRIBUTION TO TRUSTEE (Subtotal B-Subtotal E) | $ 55,424.93 |
| 12. | Chapter 13 Plan payment to Trustee (to be credited as indicated below) | $ 5,802.00 |
| | G. NET PROCEEDS TO DEBTOR (Subtotal F-Line 12) | $ 49,622.93 |
| | H. TOTAL DISBURSEMENTS (Subtotal E+Line 12+Subtotal G) | $ 60,508.41 |

Satisfaction of all liens and encumbrances necessary to give good title to the Buyer, including those of the City of Philadelphia, School District of Philadelphia, City of Philadelphia Water Revenue Bureau, and Philadelphia Gas Works, shall occur at closing; except that the Buyer assumes responsibility and has agreed to escrow $2,000.00 for any additional Water Revenue Bureau charges for the period during which the water meter was not responding and/or was stolen. All liens not paid in full, or the unpaid portions thereof, shall attach to the remaining proceeds of the sale to the same extent and with the same priority that existed immediately prior to the sale, except for the Water Revenue Bureau charges that will be assumed by the Buyer. Entry of this Order is only binding upon interested parties with respect to liens that must be satisfied and amounts owed by the Debtor on Edgewood, and does not constitute a determination of amounts due, nor is the Order binding on the Debtor, the City of Philadelphia, School District of Philadelphia, City of Philadelphia Water Revenue Bureau, Philadelphia Gas Works, or any

other creditor with respect to any property other than Edgewood, or with respect to any further modification of the Debtor's Chapter 13 Plan, should any party seek modification of the Plan, taking into account the funds have been disbursed pursuant to the Orders previously entered by the Court with respect to the sales of other properties owned by the Debtor and to be disbursed pursuant to this Order.

As indicated in line 12 above, after paying all liens in full, and any and all costs of sale chargeable to the Debtor under the Agreement of Sale, the title clerk shall pay to William C. Miller, Chapter 13 Standing Trustee, sales proceeds in the amount of $ 5,802.00.  Of that amount, $4,302.00 shall be applied to bring the payments current, resolving any delinquency status and to be disbursed under the terms of current Fifth Revised Eighth Amended Chapter 13 Plan dated October 28, 2020, and filed on November 13, 2020 (Doc. No. 405), and $1,500.00 shall be treated as a special receipt and applied as an increase in the base amount of $156,373.68 set forth in the Fifth Revised Eighth Amended Chapter 13 Plan for the benefit of creditors.

The base amount of the Debtor's Fifth Revised Eighth Amended Chapter 13 Plan shall be deemed increased by $1,500.00 as set forth above, but reduced by $495.45 for water charges for Edgewood provided in Part 4(c) of the Fifth Revised Eighth Amended Chapter 13 Plan that will be paid directly to the City of Philadelphia Water Revenue Bureau (see City of Philadelphia Water Revenue Bureau's Claim No. 29) under this Order, and shall be deemed further reduced by $414.33 for pre-petition real estate taxes for Edgewood provided in Part 4(c) of the Fifth Revised Eighth Amended Chapter 13 Plan that will be paid directly to the City of Philadelphia/School District of Philadelphia (see City of Philadelphia/School District of Philadelphia's Claim No. 30).  Nothing in this Order shall prevent the Debtor from filing a motion to modify his current Chapter 13 Plan.

The title clerk shall FAX or e-mail a completed settlement sheet/closing disclosure from the closing directly to the Trustee immediately upon the close of the settlement, and the Trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed if they vary from the amounts set forth in this Order. Upon Trustee approval, the title clerk shall FAX or e-mail a copy of the disbursement check to the Trustee, and shall immediately transmit the actual disbursement check to the Trustee by overnight courier or by other means as agreed by the Trustee.

BY THE COURT:

_____
HONORABLE ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE