**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**
**TAX & REVENUE UNIT**

July 2, 2024

The Honorable Ashely M. Chan
United States Bankruptcy Court
for the Eastern District of Pennsylvania
900 Market Street, Suite 400
Philadelphia, PA 19107

        Re:        *In re David Adenaike:* Case No. 16-13307 (AMC) – Objection to
                       <u>Claim No. 29 filed by City of Philadelphia, Water Revenue Bureau</u>

Dear Judge Chan:

        The City of Philadelphia, Water Revenue Bureau (the "WRB") hereby supplements its Response to Objection to Claim filed on April 2, 2024 (the "Response") [Docket No. 481]. On May 16, 2023, the WRB filed an Amended Proof of Claim No. 29 (the "Amended Claim"). The Amended Claim was prepared and submitted at the behest of the Chapter 13 Standing Trustee (the "Trustee") to show the amount of the original proof of claim, filed June 26, 2018 (the "Original Claim"), that remained outstanding.

        The only changes to the Original Claim were to remove the balance associated with 7431 Elmwood Street, which was satisfied at closing when the property sold on or about October 31, 2019, and to reduce the balance owed on 6129 Harley Avenue ("Harley) to reflect Trustee payments received with respect to that property. The balance pertaining to 2445 S Edgewood St. ("Edgewood"), which remained unchanged from the Original Claim, was included in the Amended Claim.

        On March 11, 2024, David Adenaike (the "Debtor") filed the Objection to Claim Number 29 by Claimant City of Philadelphia Water Revenue Bureau (the "Objection") [Docket No. 475]. In the Response, the WRB argues that the Objection, which was filed six years after the Original Claim, should be strictly limited to a dispute pertaining to the balance remaining for Edgewood and Harley. *See* the Response at p.1.

        The Objection went far beyond raising an issue with the WRB's ability to enforce the debt in the Amended Claim against the Debtor. It sought broad and inappropriate relief including "determining the amount the amount disbursed by the Trustee, and the amount disbursed by any and all title agencies pursuant to . . . Court Orders . . . with respect to both any and all pre-petition amounts due and any and all post-petition obligations of the Debtor to the [WRB]" and "determining that the Debtor has no remaining post-petition obligations due to the [WRB] with respect to each real property owned by the Debtor . . . whether or not each such property is still

The Honorable Ashely M. Chan
July 2, 2024
Page 2

owned or was sold by the Debtor during the case . . . ." *See* the Objection at p. 5. The Objection is quite plainly not a claim objection as it sought to address matters related to properties for which the WRB never filed a claim and to opine on post-petition transactions that took place outside the purview of the Court.

If an objection to proof of claim is raised, the court must determine the amount due as of the date of the petition and allow the claim in that amount. 11 U.S.C. § 502(b). The Court shall allow the claim unless the claim is subject to certain exceptions at § 502 (b)(1) – (9). "Section 502(b) sets forth the sole grounds for objecting to a claim and directs the court to allow the claim unless one of the exceptions applies." In re Dove-Nation, 318 B.R. 147, 150 (B.A.P. 8th Cir. 2004). None of the exceptions to allowance of a claim are applicable here.

A hearing on the Objection was held on May 14, 2024. Counsel for the Debtor advised that the Objection involved an unspecified legal issue and requested a briefing schedule. Debtor's letter brief was due June 25, 2024. Debtor failed to timely file his letter brief. The Debtor has failed to meet his burden of establishing a legal or factual basis to overcome the *prima facie* validity of the Amended Claim. Accordingly, the Objection should be overruled with prejudice and the Amended Claim should stand.

Respectfully,

Megan N. Harper
Senior Attorney

cc: Roger Ashodian (*via CM/ECF*)